*960 OPINION OF THE COURT
Memorandum.
Judgment reversed and matter remanded for new trial on the issues of "serious injury” and damages, with $30 costs to abide the event.
In this appeal there is no issue as to liability.
In April 1985 defendant moved to have plaintiff submit to a new CAT scan because the scan taken by plaintiff’s physician two years earlier could not be located, allegedly because they had been stolen from her physician’s office. The court granted the motion to the extent that plaintiff was required to attend a doctor of her own choosing for a new CAT scan and defendant was given the right to have its doctor examine the scan within 15 days thereafter. The CAT scan was taken by plaintiff’s chosen physician, Dr. Dinhoffer, and sent to defendant’s counsel who forwarded it to defendant’s medical expert, Dr. Salvianni. Dr. Salvianni reported thereon to defendant’s counsel. Plaintiff’s counsel did not request nor receive a copy of Dr. Salvianni’s report.
At trial defendant sought to have Dr. Salvianni testify as to her interpertation of the scans. Plaintiff’s objection was sustained on the ground that defendant’s failure to submit Dr. Salvianni’s report to plaintiff 45 days after it was sent to defendant was contrary to the rules relating to exchange of medical reports.
The applicable rules as to exchange are set forth in section 208.13 of the Uniform Rules for the Trial Courts (22 NYCRR). Section 208.13 (c) states: "(c) Copies of [all] reports of the physicians making examinations pursuant to this section shall be served on all other parties within 45 days after completion of the examination. These shall comply with the requirements of paragraph (1) of subdivision (b)” (emphasis supplied). The cited paragraph (1) of subdivision (b) of section 208.13 is to the effect that before a plaintiff submits to a physical examination by a physician chosen by defendant, plaintiff must serve upon defendant "copies of the medical reports of those physicians who have previously treated or examined the party seeking recovery” (emphasis supplied).
 In our view the trial court’s disallowance of Dr. Salvianni’s testimony constituted highly prejudicial error requiring reversal and new trial. Her examination of the CAT scans, taken by a physician of plaintiff’s choice, manifestly was not that of a "physician making examinations” as con *961 templated by section 208.13 (c) and (b) (1), since Dr. Salvianni never treated or examined the plaintiff (see, 22 NYCRR 208.13 [b] [1]). We note that the pretrial disclosure order did not require the parties to exchange reports as to the interpretation of the scans, and, as aforestated, that at no time prior to trial did plaintiff’s counsel request this of defendant. We further find error in the court’s allowance of the testimony of plaintiff’s treating physician as to the report of a nontestifying radiologist relating to CAT scans that were not in evidence (see, Hambsch v New York City Tr. Auth., 63 NY2d 723). We have considered appellant’s other grounds for reversal and find them to be without merit.
Pizzuto and Williams, JJ., concur; Monteleone, J. P., taking no part.