■ ELREATH M. JULIEN, Respondent, v PHYSICIAN's HOSPITAL, Defendant, and MORRIS D. PLATT et al., Appellants. [647 NYS2d 831] —In an action to recover damages for medical malpractice, the defendants Morris D. Platt, M.D., and Leo Green, M.D., ap-

peal from (1) an order of the Supreme Court, Queens County (Satterfield, J.), dated March 14, 1995, which denied their motion to set aside a jury verdict in favor of the plaintiff and against them, and (2) a judgment of the same court dated May 10, 1995, which, upon the jury verdict, is in favor of the plaintiff and against them in the principal sum of $400,000.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted against the appellants on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $300,000 to $150,000, and future pain and suffering from the sum of $100,000 to $75,000, and to the entry of an amended judgment in the principal sum of $225,000; in the event that the plaintiff so stipulates, then the judgment as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

This action arises from the treatment by the appellants, orthopedic surgeons, of the plaintiff's fractured left wrist during her hospitalization and thereafter. The plaintiff alleged, *inter alia,* that the appellants improperly evaluated and treated her condition and rendered inadequate follow-up care, including the failure to timely recognize the need for immediate corrective surgery, all of which resulted in the aggravation of her injuries and permanent residual impairment of her nondominant wrist and fingers with restriction of motion and weakness in fingers and wrists and which required two subsequent surgeries. The jury found that while the defendant Platt properly treated the plaintiff by performing a closed reduction on the day she sustained the fracture, he and the defendant Green thereafter failed to properly manage the plaintiff's condition.

On this record, we find that the jury verdict in favor of the plaintiff on the issue of liability is a rational one (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499), and is based upon a fair interpretation of the evidence on that issue (*see, Nicastro v Park,* 113 AD2d 129).

We do not agree with the appellants' claim that the plaintiff's expert, a board-certified neurologist, was not competent to testify as to departures committed by the defendants, orthopedic surgeons. "A physician need not be a specialist in a particular field in order to be considered a medical expert" (*Humphrey v Jewish Hosp. & Med. Ctr.,* 172 AD2d 494; *see, Matter of Enu v Sobol,* 171 AD2d 302). In this case, the plaintiff's expert testified that he had been involved in the management of 200 to 300 cases of carpal tunnel injuries, many of which were similar to that presented by the plaintiff. In light of that foundation, the trial court properly determined that the expert was qualified to render an opinion, and that any lack of experience was "a factor to be evaluated by the jury, and went to the weight to be given his testimony, and not its admissibility" (*Ariola v Long,* 197 AD2d 605).

The verdict on the issue of damages deviated materially from what would be reasonable compensation to the extent indicated.

We have examined the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.