■ IVAN TORRES, Respondent, et al., Plaintiff, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [652 NYS2d 105] —In a negligence action to recover damages for personal injuries, etc., the defendant New York City Housing Authority appeals from so much of a judgment of the Supreme Court, Kings County (Moskowitz, J.), entered September 6, 1995, as, upon a jury verdict, is in favor of the plaintiff Ivan Torres and against it in the principal sum of $260,000 ($80,000 for past pain and suffering and $180,000 for future pain and suffering).

Ordered that the judgment is reversed insofar as appealed from, on the facts and as a matter of discretion, with costs, and a new trial is granted to the plaintiff Ivan Torres against the appellant New York City Housing Authority on the issue of damages only, unless within 30 days after service upon him of a copy of this decision and order, with notice of entry, the plaintiff Ivan Torres shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for pain and suffering from the sum of $260,000 ($80,000 for past pain and suffering and $180,000 for future pain and suffering) to the sum of $75,000 ($25,000 for past pain and suffering and $50,000

for future pain and suffering), and to the entry of an appropriate amended judgment accordingly. In the event that the plaintiff Ivan Torres so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

On May 25, 1991, the then 13-year-old plaintiff, Ivan Torres, was riding a bicycle on the sidewalk of the housing complex in which he lived, which was owned by the appellant New York City Housing Authority. The bicycle hit a crack in the sidewalk, causing him to lose control and to sustain a simple fracture of his left wrist as a result of the fall.

Under the circumstances of this case, the trial court did not err in denying the appellant's request to charge the jury on implied assumption of risk (*see generally, Maddox v City of New York,* 66 NY2d 270, 278). Nevertheless, the jury's award of damages constitutes a material deviation from what would be reasonable compensation for a simple fracture of the left wrist, particularly where Ivan did not miss school or lose wages, he did not require surgery or physical therapy, and the expert could not testify about any other long-term effects from the injury other than "weatherache" and mild limitation on Ivan's dorsiflex or extension (*see,* CPLR 5501 [c]; *compare, Berry v Jewish Bd. of Family & Children's Servs.,* 173 AD2d 670, 671; *Rivera v City of New York,* 170 AD2d 591, 592).

The appellant's remaining contentions are without merit. Bracken, J. P., Pizzuto, Santucci and Florio, JJ., concur.