■ Sigmund Winiavski et al., Plaintiffs, v Martin Paint Stores, Defendant and Third-Party Plaintiff-Respondent. Taylor Commercial Roofing, Inc., Third-Party Defendant-Appellant. [658 NYS2d 663] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated April 16, 1996, as granted the third-party plaintiff's cross motion for summary judgment on the first cause of action in the third-party complaint for common-law indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Sigmund Winiavski was injured when he was doing roofing work at the respondent's warehouse. The injured plaintiff and his wife brought this action against the respondent, and the respondent brought a third-party action against the appellant, the injured plaintiff's employer.

The respondent, as an owner of the worksite at which the accident occurred, is liable under Labor Law § 240 (1), and is not barred from obtaining indemnification under the common law (see, Kelly v Diesel Constr. Div. of Carl A. Morse, 35 NY2d 1, 6). Although a party who is actually a participant in the wrongdoing may not receive the benefit of indemnification, the record fails to present an issue of fact as to whether the respondent engaged in any such wrongdoing (see, Pazmino v Woodside Dev. Co., 212 AD2d 520). Joy, J. P., Goldstein, Florio and McGinity, JJ., concur.