(January 20, 1998)

■ RAMON ALMADA, Respondent, v LONG ISLAND LIGHTING COMPANY, Defendant and Third-Party Plaintiff-Appellant. FOUR SILVER STAR PAINTING, INC., Third-Party Defendant-Appellant. [668 NYS2d 208] —In an action to recover damages for personal injuries, (1) the defendant third-party plaintiff appeals from so much of a judgment of the Supreme Court, Queens County (Posner, J.), entered September 3, 1996, which, upon a jury verdict and the plaintiff's stipulation to reduce that verdict as to damages, is in favor of the plaintiff and against it in the principal sum of $205,040, and (2) the third-party defendant separately appeals, as limited by its brief, from so much of the same judgment as is in favor of the

plaintiff and against the defendant third-party plaintiff in the principal sum of $205,040, and is in favor of the defendant third-party plaintiff and against it on the third-party complaint seeking indemnification.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the second and third decretal paragraphs thereof and substituting therefor a provision granting a new trial with respect to the issues of past and future pain and suffering only unless the plaintiff serves and files in the office of the clerk of the Supreme Court, Queens County, a written stipulation consenting to further decrease (a) the verdict with respect to damages for past pain and suffering from the sum of $50,000 to the sum of $30,000, and (b) the verdict with respect to damages for future pain and suffering from the sum of $150,000 to the sum of $60,000, and to the entry of an appropriate amended judgment accordingly; as so modified the judgment is affirmed insofar as appealed from, with costs to the plaintiff. In the event that the plaintiff so stipulates, then the reduced judgment, as so further decreased and amended, is affirmed, insofar as appealed from, without costs or disbursements. The plaintiff's time to serve and file the stipulation in accordance herewith is extended until 20 days after service upon him of a copy of this decision and order with notice of entry.

The plaintiff, who was employed by the third-party defendant Four Silver Star Painting, Inc., sustained a fracture to his wrist when he fell from a ladder at a worksite owned by the defendant third-party plaintiff Long Island Lighting Company (hereinafter LILCO). Contrary to LILCO's contention, Labor Law § 240, which imposes a nondelegable duty on owners or contractors to provide proper safety devices, is applicable without regard to negligence principles (Labor Law § 240; *see, Haimes v New York Tel. Co.,* 46 NY2d 132; *Crawford v Leimzider,* 100 AD2d 568). However, as the jury found that LILCO exercised no control or supervision over the plaintiff's work, LILCO was entitled to indemnification from Four Silver Star Painting, Inc. (*see, Kelly v Diesel Constr. Div.,* 35 NY2d 1, 6-7; *Winiavski v Martin Paint Stores,* 240 AD2d 565; *Sprague v Peckham Materials Corp.,* 240 AD2d 392; *Canka v Coalition for the Homeless,* 240 AD2d 355; *Rice v PCM Dev. Agency Co.,* 230 AD2d 898).

The award of damages for past and future pain and suffering is excessive to the extent indicated (*see,* CPLR 5501 [c]; *cf., Torres v City of New York,* 235 AD2d 416; *Semel v Klein,* 233 AD2d 492; *Julien v Physician's Hosp.,* 231 AD2d 678).

The appellants' remaining arguments are without merit. Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.