■ Josephine Ballatore et al., Respondent, v Michael Verini et al., Appellants, et al., Defendant. [680 NYS2d 633] —In an action, *inter alia,* to recover damages for dental malpractice, the defendants Michael Verini, Alvin S. Katz, and Michael Verini, D.D.S., P. C. & Associates appeal; as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated September 9, 1997, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondents.

In support of their motion for summary judgment, the appellants submitted, *inter alia,* an affidavit prepared by the appellant dentist Michael Verini which sufficiently established that his treatment of the plaintiff Josephine Ballatore conformed to good and accepted dental practices, thereby shifting the burden to the plaintiffs to lay bare their proof and demonstrate the existence of a triable issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 326-327; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851).

In opposition to the motion, the plaintiffs submitted, *inter alia,* a redacted affidavit by a dental expert with over 20 years of experience. The expert concluded that Verini departed from good and accepted dental practice by inserting a post into the

wrong root canal of Mrs. Ballatore's tooth. The expert also stated that, based upon Mrs. Ballatore's complaint of more pain and throbbing after the procedure and radiographic irregularities in that tooth after the procedure, such procedure may have caused the fracture of that tooth and contributed to her injuries. Further, Verini did not deny that he inserted the post into the wrong root canal, and acknowledged that a radiograph taken three months after the procedure indicated a possible infection in that same root canal. Contrary to appellants' contention, the plaintiffs submitted evidence sufficient to raise an issue of fact regarding the appellants' negligence and whether such negligence, if any, was a proximate cause of Mrs. Ballatore's injuries. O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.