■ CHAUTE WATSON, Respondent, v ISRAEL GETMAN, Appellant. [688 NYS2d 189] —In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Levine, J.), dated March 31, 1998, which denied his motion for summary judgment and for leave to amend his answer to assert the affirmative defense of release.

Ordered that the order is modified, by deleting the provision thereof which denied that branch of his motion which was for leave to amend his answer to assert the affirmative defense of release, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the proposed amended answer is deemed served.

The Supreme Court properly denied summary judgment to the defendant as triable issues of fact exist as to whether his actions constituted a failure to comply with good accepted medical practice (see, CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557; *Ballatore v Verini,* 255 AD2d 472). Contrary to the defendant's contention, it was well within the court's broad discretion to accept the physician's affirmation submitted by the plaintiff as expert testimony (see, *Werner v Sun Oil Co.,* 65 NY2d 839; *Julien v Physician's Hosp.,* 231 AD2d 678).

That branch of the defendant's motion which was for leave to amend his answer to assert the affirmative defense of release, based upon a release entered into by the plaintiff in favor of Kingsbrook Jewish Medical Center (hereinafter Kingsbrook), and its agents, servants, and employees, in a prior action, should have been granted. Leave to amend should be freely given (see, CPLR 3025 [a]). The court held that application of the release to the defendant was barred by collateral estoppel because the court in the prior action found that the defendant was not an agent, servant, or employee of Kingsbrook. However, since the defendant was not a party to the prior action, the doctrine of collateral estoppel was inapplicable to him (see, e.g., *Ryan v New York Tel. Co.,* 62 NY2d 494, 500).

The defendant's remaining contention is without merit. O'Brien, J. P., Joy, Krausman and Goldstein, JJ., concur.