■ ROBERT SMITH, Respondent, v XAVERIAN HIGH SCHOOL et al., Respondents, and T. MORIARTY & SONS, INC., Defendant and Third-Party Plaintiff-Appellant. ALL BORO CONSTRUCTION et al., Third-Party Defendants-Respondents. [703 NYS2d 526] —In an action to recover damages for personal injuries, the defendant third-party plaintiff T. Moriarty & Sons, Inc., appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Kings County (Rappaport, J.), dated December 3, 1998, as (a) granted that branch of the plaintiff's motion which was for partial summary judgment against it on the issue of liability under Labor Law § 240 (1), (b) granted that

branch of the cross motion of the defendants Xaverian High School and Leon D. DeMatteis Construction Corp. which was for common-law indemnification against it on their respective cross claims, and (c) granted that branch of the motion of the defendant Patsy Strocchia Sons Iron Work, Inc., which was to dismiss its cross claim for contractual indemnification, and (2) an order of the same court, dated January 11, 1999, as granted the motion of the third-party defendants to dismiss the third-party complaint.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Labor Law § 240 (1) imposes a nondelegable duty upon owners and contractors to provide or cause to be furnished certain safety devices for workers on an elevated work site, and the absence of appropriate safety devices constitutes a violation of the statute as a matter of law (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 499-500; Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520-521; Elkins v Robbins & Cowan, 237 AD2d 404). The evidence submitted by the plaintiff established that he was engaged in construction work on a building and that the appellant, T. Moriarty & Sons, Inc. (hereinafter Moriarty), was the general contractor. No safety devices were supplied, and he fell approximately 20 feet from the roof. The plaintiff, therefore, established a prima facie violation of Labor Law § 240 (1) by Moriarty (see, Fresse v City of New York, 238 AD2d 374; Iannelli v Olympia & York Battery Park Co., 190 AD2d 775). The evidence relied upon by Moriarty failed to raise a triable issue of fact as to its liability.

The Supreme Court granted the plaintiff's motion for partial summary judgment under Labor Law § 240 (1) against Xaverian High School (hereinafter Xaverian), the owner of the property, on the ground that it was vicariously liable for the plaintiff's injuries. In view of the absence of any evidence that Xaverian or its agent, the defendant Leon DeMatteis Construction Corp. either supervised or controlled the plaintiff's work, the Supreme Court properly granted that branch of their cross motion which was for common-law indemnification against Moriarty (see, Hawthorne v South Bronx Community Corp., 78 NY2d 433, 437; Kelly v Diesel Constr. Div., 35 NY2d 1, 6; Winiavski v Martin Paint Stores, 240 AD2d 565).

Furthermore, the Supreme Court properly granted that branch of the motion of Patsy Strocchia Sons Iron Work, Inc. (hereinafter Strocchia) which was to dismiss Moriarty's cross claim for contractual indemnification against it. Moriarty

subcontracted work involving the erection of structural steel to Strocchia, which in turn subcontracted the work to All Boro Construction (hereinafter All Boro), the plaintiff's employer. We agree with the Supreme Court that the contract between Moriarty and Strocchia violated General Obligations Law § 5-322.1 because it would result in Strocchia indemnifying Moriarty for Moriarty's negligence in causing the plaintiff's injuries (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786). The plaintiff presented evidence that Moriarty supervised and controlled his work on the date of the accident and directed that work be done on the roof despite the wet and icy conditions.

The Supreme Court properly dismissed Moriarty's third-party complaint for indemnification against All Boro, the plaintiff's employer. Workers' Compensation Law § 11 as amended (L 1996, ch 635, § 2), bars a claim for common-law indemnification against an employer where, as here, the main action was filed after the effective date of the amendment (*see, Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *cf., Browning v County Fence Co.,* 259 AD2d 578). Moreover, All Boro presented evidence that there was no written contract with Moriarty upon which a claim for contractual indemnification could be based. There is no merit to Moriarty's contention that All Boro's motion to dismiss the third-party complaint should be denied because further discovery might reveal such a contract. O'Brien, J. P., Friedmann, Florio and Schmidt, JJ., concur.