■ JOHN WEEDEN, Appellant, v FIRST NATIONAL BANK OF LONG ISLAND, Defendant and Third-Party Plaintiff-Respondent. COMMERCIAL CONSTRUCTION CORP. et al., Third-Party Defendants-Respondents. [748 NYS2d 67] ■

The plaintiff's "Verified Statement as to Collateral Sources" (hereinafter the Statement) specifically stated that the plaintiff "does not seek to recover any of the cost of medical care." The plaintiff argues that the Statement makes no reference whatsoever to the cost of future medical care, which "by virtue of the Amended Verified Bill of Particulars * * * was an item of damages plaintiff would still pursue." However, in the Statement, the plaintiff specifically reserved his right to pursue claims for loss of past and future earnings, and failed to similarly reserve his right to his claim for the cost of future medical expenses. Accordingly, the plaintiff waived such right (*cf. Giardelli v Rainbow Apparel Dist. Ctr. Corp.,* 271 AD2d 643).

The Supreme Court providently exercised its discretion in precluding the plaintiff's expert economist from testifying based on the plaintiff's failure to comply with CPLR 3101 (d) (1) (i). The plaintiff failed to disclose in reasonable detail the subject matter and the substance about which the expert was expected to testify (*see* CPLR 3101 [d] [1] [i]; *Hubbard v Platzer,* 260 AD2d 605; *Lyall v City of New York,* 228 AD2d 566).

The award of $9,000 for past pain and suffering is inadequate to the extent indicated (*see* CPLR 5501 [c]; *compare Almada v Long Is. Light. Co.,* 246 AD2d 563; *Torres v City of New York,* 235 AD2d 416; *Semel v Klein,* 233 AD2d 492; *Julien v Physician's Hosp.,* 231 AD2d 678). Florio, J.P., S. Miller, Townes and Cozier, JJ., concur.