■ CARLOS ORELLANA, Appellant, v AMERICAN AIRLINES et al., Respondents, et al., Defendant. [753 NYS2d 114] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated October 24, 2001, as denied his motion for summary judgment against the defendants American Airlines and Premier Roofing Company on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted.

The defendant American Airlines contracted with the defendant Premier Roofing Company (hereinafter Premier) to remove and replace the roof of an American Airlines building at LaGuardia Airport. The plaintiff was employed by Dramar Construction, a subcontractor hired by Premier to remove the roof. The plaintiff commenced this action to recover damages for personal injuries he sustained when he fell as he was stepping down from an elevated portion of the roof using bundles of packaged insulation as makeshift steps.

The Supreme Court denied the plaintiff's motion for summary judgment based upon Labor Law § 240 (1) on the ground that there were triable issues of fact as to whether ladders were available at the work site and the plaintiff chose not to use them.

Labor Law § 240 (1) "imposes a nondelegable duty upon owners and contractors to provide or cause to be furnished certain safety devices for workers on an elevated work site, and the

absence of appropriate safety devices constitutes a violation of the statute as a matter of law" (*Smith v Xaverian High School*, 270 AD2d 246, 247, citing *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 499-500, and *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520-521). Generally, to establish a prima facie violation of Labor Law § 240 (1) a claimant must establish that " 'the statute was violated and that this violation was a proximate cause of his or her injuries' " (*Gardner v New York City Tr. Auth.*, 282 AD2d 430, 431, quoting *Sprague v Peckham Materials Corp.*, 240 AD2d 392, 393). Here, the plaintiff established a prima facie violation of Labor Law § 240 (1) by his testimony at an examination before trial that the respondents failed to supply a ladder or any other safety device at the elevated work site at the time of the accident (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521; *Smith v Xaverian High School, supra* at 247). In opposition, the respondents failed to come forward with evidentiary proof in admissible form to establish the existence of a triable issue of fact. The mere presence of ladders somewhere at the work site does not establish that such devices were so placed as to give the proper protection required by the statute (*see* Labor Law § 240 [1]; *Zimmer v Chemung County Performing Arts, supra* at 524; *Davis v Board of Trustees of Hicksville Pub. Lib. of Hicksville Union Free School Dist.*, 240 AD2d 461; *Heath v Soloff Constr.*, 107 AD2d 507, 512). Consequently, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) against the defendants American Airlines and Premier Roofing Company. Florio, J.P., Friedmann, McGinity and Townes, JJ., concur.