■ IRMA MILNE et al., Respondents, v LOYAL ORDER OF MOOSE LODGE No. 168, Appellant. [755 NYS2d 632] —In an action to recover damages for personal injuries, etc., the defendant appeals from (1) a jury verdict on the issue of liability, finding it 100% at fault in the happening of the accident, (2) a jury verdict on the issue of damages, finding that the plaintiff Irma Milne sustained damages in the sums of $125,000 for past pain and suffering and $275,000 for future pain and suffering, (3) an order of the Supreme Court, Kings County (Dabiri, J.), dated June 22, 2001, which denied its motion pursuant to CPLR 4404 to set aside the jury verdicts in favor of the plaintiff Irma Milne and against it, and (4) a judgment of the same court, dated December 19, 2001, which, upon the jury verdicts, is in favor of the plaintiff Irma Milne and against it in the principal sum of $400,000.

Ordered that the appeals from the jury verdicts are dismissed, as no appeal lies from a jury verdict (*see People v Pugh,* 258 AD2d 674 [1999]); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, that branch of the motion which was to set aside the jury verdict on the issue of damages is granted, the order is modified accordingly, and a new trial is granted on the issue of damages only, unless within 30 days after service upon the plaintiff Irma Milne of a copy of this decision and order, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $125,000 to $75,000, and future pain and suffering from the sum of $275,000 to $175,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff Irma Milne so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248

[1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The jury verdict on the issue of liability was both rational (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]), and based on a fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]).

However, the award of damages for past and future pain and suffering is excessive to the extent indicated (*see* CPLR 5501 [c]; *cf. Almada v Long Is. Light. Co.,* 246 AD2d 563 [1998]; *Julien v Physician's Hosp.,* 231 AD2d 678 [1996]; *Blyskal v Kelleher,* 171 AD2d 718 [1991]).

The defendant's remaining arguments are without merit. Altman, J.P., S. Miller, Friedmann and McGinity, JJ., concur.