OPINION OF THE COURT
Memorandum.
Judgment reversed without costs and matter remanded for a new trial limited to the issue of damages.
In this personal injury action, the lower court precluded Dr. Rothman, defendant’s expert medical witness, from testifying as to his interpretation of plaintiffs MRI films which were admitted into evidence. The basis of the court’s decision for precluding Dr. Rothman’s testimony was that defendant failed to disclose the expert’s report regarding said films to plaintiff as allegedly required under 22 NYCRR 208.13 and made no showing of good cause as to why it failed to do so. However, inasmuch as defendant’s medical expert was not plaintiffs treating physician and at no time examined plaintiff, the disclosure requirements set forth in 22 NYCRR 208.13 were inapplicable to such witness and, as such, it was error for the court to preclude his testimony (see Whalen v Avis Rent A Car Sys., 138 Misc 2d 959 [1988]).
Furthermore, we are of the opinion that the lower court erred in precluding defendant’s second medical witness, Dr. Jupiter, from testifying as to his interpretation of the MRI films admitted into evidence since his records were properly disclosed to plaintiff and it has been held that even in cases where the medical expert has not examined plaintiff, it is proper to allow such an expert to testify regarding his interpretation of plaintiffs MRI films so long as they are admitted into evidence (cf. Nuzzo v Castellano, 254 AD2d 265 [1998]).
In light of the foregoing, we need not reach defendant’s remaining contention.