Patterson, J.
(concurring). I vote to reverse the judgment
entered in favor of plaintiff and to remand the matter to the lower court for a new trial on the issue of damages. After considering the nature and consequences of the injuries sustained by plaintiff, it is my opinion that the awards for past pain and suffering and for future pain and suffering deviated materially from what would be reasonable compensation (see CPLR 5501 [c]; Lamuraglia v New York City Tr. Auth., 299 AD2d 321 [2002]).
Contrary to the majority’s position, it is my opinion that the *124 lower court providently exercised its discretion in precluding the testimony of Dr. Rothman, defendant’s expert medical witness, since the defendant failed to properly disclose said witness pursuant to CPLR 3101 (d) (1) (i) and failed to establish good cause for its failure to do so (see CPLR 3101 [d] [1] [i]; Weeden v First Natl. Bank of Long Is., 297 AD2d 803 [2002]; Klatsky v Lewis, 268 AD2d 410 [2000]). While the majority correctly points out that Dr. Rothman was not plaintiffs treating physician and, accordingly, the disclosure requirements of 22 NYCRR 208.13 were inapplicable to him and were not a proper basis for precluding his testimony (see Whalen v Avis Rent A Car Sys., 138 Misc 2d 959 [1988]), defendant nonetheless was required to disclose Dr. Rothman’s identity, the subject matter on which he was expected to testify, his qualifications, a summary of the grounds for his opinion as well as the substance of the facts and opinions on which he was expected to testify (CPLR 3101 [d] [1] [i]).
Furthermore, I am of the opinion that the lower court properly precluded Dr. Jupiter, defendant’s second expert medical witness, from testifying as to his interpretation of the MRI films admitted into evidence since defendant’s attorney failed to advise the court why this testimony was admissible. In any event, the defendant only noted its exception to the court’s ruling with regard to this testimony prior to closing arguments.
Aronin, J.P., and Golia, J., concur; Patterson, J., concurs in a separate memorandum.