■ JOAO RAMOS et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent, et al., Defendant. [761 NYS2d 57] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about October 17, 2002, which denied plaintiffs' motion for partial summary judgment as to defendant Port Authority's liability under Labor Law § 240 (1), unanimously reversed, on the law, without costs, the motion granted, and the matter remanded for further proceedings.

Plaintiff was an employee of a company contracted by defendant Port Authority to sandblast and paint the George Washington Bridge. On a day when plaintiff could not do his scheduled sandblasting work, he was instructed by his foreman to hang tarps on an upper truss located above a platform. To get there, plaintiff grabbed a cable above him, put his foot on a pole and cable and climbed up. The foreman never instructed plaintiff to wear a safety harness while climbing up or doing this work. The Port Authority's resident engineer testified that workers would not and did not need to wear safety harnesses when working on platforms, that there was no manlift available for plaintiff's use and he could not confirm whether there was a scaffold in the area where plaintiff hung tarps. While there is documentary evidence dated July 13 which indicates that there had been a scaffold at the PP29 location, the narrative for the date of the accident, five days later, shows that the accident occurred at the PP28E location and the Port Authority failed to establish the relative distance between these two locations or even that the scaffold at PP29 would have been visible from PP28E.

Plaintiff climbed without a safety harness or the protections afforded by a manlift or scaffold. When plaintiff attempted to return, a railing cable gave way and he fell 40 feet, sustaining a fracture of the femoral shaft requiring open reduction and internal fixation. The IAS court denied plaintiffs' motion for partial summary judgment, finding that a scaffold was present at or about the location of this accident.

Labor Law § 240 (1) imposes a nondelegable duty and

absolute liability upon owners or contractors for failing to provide safety devices necessary for the protection of workers subject to the risks inherent in elevated work sites who sustain injuries proximately caused by that failure (*see Jock v Fien*, 80 NY2d 965 [1992]). The failure to provide such safety devices constitutes a per se violation of the statute and subjects owners and contractors to absolute liability as a matter of law for any injuries that result from such failure (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521 [1985]). The existence of safety devices somewhere on the construction site is insufficient to meet the obligation imposed by the statute (*see id.* at 524; *Laquidara v HRH Constr. Corp.*, 283 AD2d 169 [2001]).

It is the responsibility of the contractor and owner—not the individual worker—to provide and place appropriate safety devices at the particular work site so "as to give proper protection to a person so employed" (Labor Law § 240 [1]; *Singh v Barrett*, 192 AD2d 378 [1993]). Here, plaintiff proved his entitlement to summary judgment on his Labor Law § 240 (1) claim by showing that he fell under circumstances where there were no safety devices to protect him (*see Kyle v City of New York*, 268 AD2d 192, 196 [2000], *lv denied* 97 NY2d 608 [2002]; *Orellana v American Airlines*, 300 AD2d 638 [2002]).

Contrary to the Port Authority's claims: (1) there is no record evidence establishing that there was a scaffold in place where and when plaintiff hung tarps and fell; (2) there is no evidence that plaintiff was ever advised to use either a safety harness or a swing scaffold; and (3) the only record evidence shows that the only scaffold in the general area was present on a previous date and at a different location.

The Port Authority's submissions fail to demonstrate that such scaffold, if it was even visible, was in service, in operable condition and available for plaintiff's use (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513 [1985]; *Orellana v American Airlines*, 300 AD2d 638 [2002]). Plaintiff cannot be found to be a recalcitrant worker since there is no showing that either a safety harness or a swing scaffold was available to plaintiff at the immediate work site and that he deliberately refused to use either (*see Sanango v 200 E. 16th St. Hous. Corp.*, 290 AD2d 228 [2002]; *Harris v Rodriguez*, 281 AD2d 158 [2001]; *Garcia v 1122 E. 180th St. Corp.*, 250 AD2d 550 [1998]).

We have reviewed defendant Port Authority's other contentions and find them to be without merit. Concur—Buckley, P.J., Andrias, Saxe and Marlow, JJ.