■ KATELYN MCMURRAY et al., Respondents, v STATEN ISLAND UNIVERSITY HOSPITAL et al., Appellants, et al., Defendant. [769 NYS2d 405]—In an action to recover damages for medical malpractice, etc., the defendants Staten Island University Hospital, Steven Schwartzberg, Concord Neurological Associates & Neurosurgical Associates, P.C., and Daniel Potaznik, appeal from so much of a judgment of the Supreme Court, Richmond County (Ponterio, J.), dated April 19, 2002, which, upon a jury verdict

in favor of the plaintiff Katelyn McMurray and against them in the sums of $1.5 million for past pain and suffering and $1.5 million for future pain and suffering, upon an order of the same court dated March 4, 2002, inter alia, denying their motions to set aside the verdict pursuant to CPLR 4404, and upon an order of the same court dated April 4, 2002, inter alia, granting of the plaintiffs' motion to increase the attorney contingency fee to 24% of the jury's award, is in favor of the plaintiff Katelyn Mc-Murray and against them.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, that branch of the motion which was to set aside the jury verdict on the issue of damages is granted, the order dated March 4, 2002, is modified accordingly, and a new trial is granted on the issue of damages only, unless, within 30 days after service upon the plaintiff Della McMurray, as guardian of Katelyn McMurray, of a copy of this decision and order, she shall serve and file in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to reduce the damages for past pain and suffering from the sum of $1,500,000 to the sum $600,000, and future pain and suffering from the sum of $1,500,000 to the sum of $350,000, and to the entry of an amended judgment accordingly; in the event that Della Mc-Murray, as guardian of Katelyn McMurray, so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for the entry of an appropriate amended judgment accordingly; and it is further,

Ordered that in the event that Della McMurray, as guardian of Katelyn McMurray, stipulates in accordance herewith, the plaintiffs' attorneys are awarded a fee in the sum of $228,000 (24% of $950,000).

The jury verdict on the issue of liability was both rational (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]) and based on a fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]).

The award of damages for past and future pain and suffering, however, is excessive to the extent indicated (*see* CPLR 5501 [c]; *cf. Milne v Loyal Order of Moose Lodge No. 168,* 302 AD2d 569 [2003]; *Julien v Physician's Hosp.,* 231 AD2d 678 [1996]).

The defendants' remaining contentions either are unpreserved for appellate review or without merit. Smith, J.P., Crane, Mastro and Rivera, JJ., concur.