■ KATELYN MCMURRAY et al., Respondents, v STATEN ISLAND UNIVERSITY HOSPITAL et al., Appellants, et al., Defendant. [777 NYS2d 305]—Motion by the respondents for leave to reargue an appeal from a judgment of the Supreme Court, Richmond County, dated April 19, 2002, which was determined by decision and order of this Court dated December 29, 2003.

Upon the papers filed in support of the motion and no papers having been filed in opposition or relation thereto, it is

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated December 29, 2003 [2 AD3d 798], is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for medical malpractice, etc., the defendants Staten Island University Hospital, Steven Schwartzberg, Concord Neurological Associates & Neurosurgical Associates, P.C., and Daniel Potaznik appeal from so much of a judgment of the Supreme Court, Richmond County (Ponterio, J.), dated April 19, 2002, as, upon a jury verdict in favor of the plaintiff Katelyn McMurray and against them in the sums of $1.5 million for past pain and suffering and $1.5 million for

future pain and suffering, upon an order of the same court dated March 4, 2002, inter alia, denying their motions to set aside the verdict pursuant to CPLR 4404, and upon an order of the same court dated April 4, 2002, inter alia, granting the plaintiffs' motion to increase the attorney contingency fee to 24% of the jury's award, is in favor of the plaintiff Katelyn McMurray and against them.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, those branches of the motions which were to set aside the jury verdict on the issue of damages are granted, the order dated March 4, 2002, is modified accordingly, that portion of the order dated April 4, 2002, which granted the plaintiffs' motion to increase the attorney contingency fee is vacated, and a new trial is granted on the issue of damages only, unless within 30 days after service upon the plaintiff Della McMurray, as guardian of Katelyn McMurray, of a copy of this decision and order, she shall serve and file in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to reduce the damages for past pain and suffering from the sum of $1.5 million to the sum of $600,000, and future pain and suffering from the sum of $1.5 million to the sum of $350,000, and to the entry of an amended judgment accordingly; in the event that Della McMurray, as guardian of Katelyn McMurray, so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements, that portion of the order dated April 4, 2002, which granted the plaintiffs' motion to increase the attorney contingency fee is vacated, and the matter is remitted to the Supreme Court, Richmond County, for a recalculation of the amount of the enhanced fee to be awarded to the plaintiffs' attorney in light of the reduced damages.

The jury verdict on the issue of liability was both rational (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]) and based on a fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]).

The award of damages for past and future pain and suffering, however, is excessive to the extent indicated (*see* CPLR 5501 [c]; *cf. Milne v Loyal Order of Moose Lodge No. 168,* 302 AD2d 569 [2003]; *Julien v Physician's Hosp.,* 231 AD2d 678 [1996]).

In the event that the plaintiff Della McMurray, as guardian of Katelyn McMurray, consents to the reduced awards for damages, the Supreme Court shall determine the appropriate amount of the enhanced fee to which the plaintiffs' attorney is entitled in light of the reduction.

The defendants' other contentions are either unpreserved for appellate review or without merit. Smith, J.P., Crane, Mastro and Rivera, JJ., concur.