■ CARMEN CONLEY, Appellant, v CITY OF NEW YORK, Respondent. [837 NYS2d 702]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated August 10, 2005, which denied her motion to set aside, as against the weight of the evidence, a jury verdict finding her 80% at fault and the defendant only 20% at fault in the happening of the subject accident, and, to set aside, on the ground of inadequacy, so much of the verdict as awarded her damages in the principal sums of only $14,000 for past pain and suffering, and $0 for future pain and suffering, and for a new trial on liability and on damages for past and future pain and suffering.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion which was to set aside the jury verdict on the issue of damages for past and future pain and suffering, and substituting therefor a provision granting that branch of the motion and directing a new trial on the issue of damages for past and future pain and suffering; as so modified, the order is affirmed, with costs payable to the plaintiff, unless within 30 days after service upon the defendant of a copy of this decision and order, the defendant shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the verdict as to damages for past pain and suffering from the principal sum of $14,000 to the principal sum of $125,000, and for future pain and suffering from the principal sum of $0 to the principal sum of $75,000, and the net award of damages for past and future pain suffering from the principal sum of $2,800 (20% of $14,000) to the principal sum of $40,000 (20% of $200,000); in the event the defendant so stipulates, then the order is affirmed, without costs or disbursements.

The plaintiff suffered a comminuted inter-articular fracture to the distal radius of her right hand as the result of a trip and fall over a raised and broken New York City sidewalk.

Contrary to the plaintiff's contention, the jury's apportionment of fault was based on a fair interpretation of the evidence

(*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). The jury could have fairly concluded, based on the plaintiff's testimony, and the photographs depicting the broken sidewalk, that the defect was readily observable and the plaintiff should have avoided it (*see Hospodar-Anikin v City of New York*, 12 AD3d 405, 406 [2004]; *Strauss v New York City Tr. Auth.*, 294 AD2d 173 [2002]; *Hodges v City of New York*, 195 AD2d 269, 270 [1993]).

On the issue of damages for past pain and suffering, the fracture to the plaintiff's wrist required surgery, which included the permanent insertion of a metal plate with screws, three weeks of casting, and three months of physical therapy. During that time, the plaintiff was unable to perform basic physical tasks. Four years after the accident, the plaintiff's volar flexion range of motion had improved only to 30 degrees, she had developed a permanent condition of traumatic arthritis, and she had difficulty carrying things. Accordingly, the damages awarded for past pain and suffering are inadequate as to the extent indicated, as they deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Karwacki v Astoria Med. Anesthesia Assoc., P.C.*, 23 AD3d 438, 439 [2005]; *Marrone v Orson Holding Corp.*, 15 AD3d 631 [2005]; *cf. Torres v City of New York*, 235 AD2d 416, 417 [1997]).

Further, the jury's failure to award any damages for future pain and suffering was not based on a fair interpretation of the evidence (*see Lolik v Big V Supermarkets, supra; Fryer v Maimonides Med. Ctr.*, 31 AD3d 604, 605 [2006]). It was undisputed that the plaintiff suffered a scar at the incision site from the surgery and had a permanent metal plate inserted into her wrist (*see Simeon v Urrey*, 278 AD2d 624, 625 [2000]). The experts for both the plaintiff and the defendant agreed that the plaintiff had a permanent condition, and that the functioning of her wrist would be significantly limited. While the condition of her wrist had gradually improved over four years in both range of volar flexion motion and grip strength, there was still a disparity, in particular as to her range of motion, between that of her right and left wrists (*see Crawford v Marcello*, 247 AD2d 907, 908 [1998]; *cf. LaPort v Bojedla*, 262 AD2d 1025 [1999]). Accordingly, the jury's failure to award any damages for future pain and suffering is inadequate to the extent indicated herein (*see Milne v Loyal Order of Moose Lodge No. 168*, 302 AD2d 569 [2003]; *Claudio v City of New York*, 280 AD2d 403 [2001]; *Garcia v Spira*, 273 AD2d 57 [2000]; *Almada v Long Is. Light. Co.*, 246 AD2d 563 [1998]). Mastro, J.P., Santucci, Krausman and Carni, JJ., concur.