Espinoza v Fowler-Daley Owners, Inc. (2019 NY Slip Op 02635)





Espinoza v Fowler-Daley Owners, Inc.


2019 NY Slip Op 02635


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Friedman, J.P., Gische, Kapnick, Webber, Gesmer, JJ.


8911 305358/14

[*1]Edgard Espinoza, Plaintiff-Respondent,
v Fowler-Daley Owners, Inc., Defendant-Appellant, Kenilworth Equities Ltd., et al., Defendants.


Brody, O'Connor & O'Connor, New York (Scott A. Brody of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about May 8, 2017, which, inter alia, granted plaintiff's motion for partial summary judgment as against defendant Fowler-Daley Owners, Inc. (Fowler) on the issue of Labor Law § 240(1) liability, unanimously affirmed, without costs.
Plaintiff's post-note of issue summary judgment motion was not premature. If Fowler needed to conduct additional nonparty depositions in order to successfully oppose the motion, then it should have either deposed those witnesses during the nearly two years that discovery was open in this case or moved to vacate the note of issue on that basis. Fowler "cannot cite [its] own inaction as justification to deny" plaintiff's summary judgment motion (Judd v Vilardo, 57 AD3d 1127, 1131 [3d Dept 2008]; see also Auerbach v Bennett, 47 NY2d 619, 636 [1979]).
Plaintiff's motion was properly granted, as he established prima facie that Fowler failed to provide equipment such as harnesses and tie-off points for safety lines, which plaintiff had specifically requested on and prior to the day of his accident, in order to give proper protection to individuals involved in pointing its building (see Ramos v Port Auth. of N.Y. & N.J., 306 AD2d 147 [1st Dept 2003]). In opposition, Fowler failed to raise a triable issue of fact. Its argument that plaintiff was the sole proximate cause of the accident fails because "if a statutory violation is a proximate cause of an injury, the plaintiff cannot be solely to blame for it" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]).
We have considered Fowler's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK