## Moore v Skanska USA Bldg., Inc.

2024 NY Slip Op 31094(U)

April 1, 2024

Supreme Court, New York County

Docket Number: Index No. 150360/2020

Judge: Leslie A. Stroth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. LESLIE A. STROTH

*Justice*

-------------------------------------------------------------------------X

JOSEPH MOORE,

Plaintiff,

- v -

SKANSKA USA BUILDING, INC.,180 MADISON PRISA II, LLC., CBRE, INC., NEW YORK UNIVERSITY, NYU LANGONE HEALTH SYSTEM, NYU HOSPITALS CENTER, J.M. BOTTO, INC.

Defendants.

-------------------------------------------------------------------------X

| PART | 12M |
|---|---|

| INDEX NO. | 150360/2020 |
|---|---|
| MOTION DATE | 11/21/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75

were read on this motion to/for          JUDGMENT - SUMMARY          .


Plaintiff commenced this labor law action for injuries sustained on July 26, 2019 while employed as an assistant project manager by non-party Nelson Air Device on a worksite at 180 Madison Avenue. Nelson Air was retained by defendant Skanska USA Building, Inc., the general contractor. Defendant 180 Madison Prisa II, LLC is the owner of 180 Madison Avenue and defendant CBRE, Inc is the manager. Plaintiff alleges that his ladder slipped and fell from under him, causing him to fall, while attempting to manually open a damper located within an access panel of an HVAC unit. Plaintiff moves here for summary judgment against defendants on the issue of liability on Labor Law §240(1), §241(6), and §200, with opposition submitted by defendants.[1] This Court held oral argument on November 21, 2023 on the instant application.

---

[1] The claim against defendant J.M. Botto, Inc. was discontinued by Stipulation dated August 12, 2021 (NYSCEF doc 34).

150360/2020  MOORE, JOSEPH vs. SKANSKA USA BUILDING, INC.
Motion No. 001

Page 1 of 6

It is well-established that the "function of summary judgment is issue finding, not issue determination" (*Assaf v Ropog Cab Corp.*, 153 AD2d 520 (1st Dept 1989) (quoting *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957])). As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (*Alvarez v Prospect Hospital*, 68 NY2d 320 (1986); *Winegrad v New York University Medical Center*, 64 NY2d 851 (1985)).

Once a party has submitted competent proof demonstrating that there is no substance to its opponent's claims and no disputed issues of fact, the opponent, in turn, is required to "lay bare [its] proof and come forward with some admissible proof that would require a trial of the material questions of fact on which [its] claims rest" (*Ferber v Sterndent Corp.*, 51 NY2d 782, 783 (1980)). The party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted (*See Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dept 1990)).

> Labor Law § 240(1) states in pertinent part:
>
> All contractors and owners and their agents…in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

The statute imposes absolute liability upon owners, contractors, and their agents where a breach of this statutory duty proximately causes an injury. (*See Gordon v Eastern Railway Supply, Inc.*, 82 NY2d 555, 559 (1993); *Ross v Curtis–Palmer Hydro–Elec. Co.*, 81 NY2d 494, 500 (1993)); *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 (1991). The First Department held that "[i]t is the responsibility of the contractor and owner - not the individual worker - to provide and place appropriate safety devices at the particular work site so as to give proper protection to a

**150360/2020  MOORE, JOSEPH vs. SKANSKA USA BUILDING, INC.**
Motion No. 001

**Page 2 of 6**

2 of 6

[* 2]

person so employed" (*Ramos v. Port Authority, of New York and New Jersey*, 306 A.D.2d 147 (1st Dept. 2003)). "Labor Law §240(1) imposes absolute liability on building owners, construction contractors and their agents with regard to elevation-related risks to workers at construction sites" (*Rodriguez v. Forest City Jay St. Assocs.*, 234 A.D.2d 68 (1st Dept 1996)).

Plaintiff argues that he is entitled to summary judgment pursuant to Labor Law §240(1) because he was caused to fall from a height and was not provided with a ladder or safety device to adequately support and protect him. However, the Court finds that issues of fact exist as to whether Mr. Moore's unwitnessed accident occurred and, if it did occur, whether he was acting within or outside the scope of his employment at the time of the incident (*See Vega v. Renaissance 632 Broadway, LLC*, 103 A.D.3d 883 (2nd Dept 2013).

Plaintiff's deposition raises questions regarding Mr. Moore's responsibilities at the time of his fall. In response to the question, "The reason why you didn't tie off the ladder, the A frame ladder that was closed, was because there wasn't sufficient time to do it?", plaintiff responded that, "Yeah, time and that wasn't even part of my duties to do something like that," although plaintiff then said, "I was just doing what I was told and I got the ladder and I went up" (Exh A, p 192). He stated that Scott Niemann, Management from Nelson Air Device, told him to fix the damper and that he received a call that the air conditioning was not working on a finished floor and was instructed to go into an access panel and open the dampers (Exh A, p 42-43). However, Michael Niemann, Senior Project Manager at Nelson Air, and Scott Niemann, Vice President of Nelson Air, stated in their affidavits that "[b]ased on the issuance of the Certificate of Substantial Completion in February, 2019, as of the time of Mr. Moore's accident in July, 2019, there would not have been any construction work or demolition work being performed by Nelson Air in the

**150360/2020 MOORE, JOSEPH vs. SKANSKA USA BUILDING, INC.**
**Motion No. 001**

**Page 3 of 6**

3 of 6

[* 3]

second floor mechanical room at 189 Madison Avenue or on any of the air conditioning units in that mechanical room" (Exh C, ¶14 & Exh D, ¶15).

Michael Niemann and Scott Niemann further explained in their affidavits that there was an automated email alert from July 26, 2019 "for a fan coil unit located on the second floor at 180 Madison Avenue. This fan coil had nothing to do with the air conditioning units in the second-floor mechanical room at 180 Madison Avenue and it was not located in the second-floor mechanical room" (Exh C, ¶20 & Exh D, ¶21).

The Court notes that plaintiff testified to wearing dress shoes at the time of the accident and stated that his dress code included a dress shirt and dress pants. This information points to an existing issue of fact as to whether plaintiff was working within the scope of his employment with Nelson Air when he attempted to open a damper while climbing a ladder (Exh A, p 192). Not only did plaintiff climb the ladder without proper work clothes and shoes, he testified that he did not open the ladder fully because it would not fit. It is not clear if plaintiff was authorized to do what he did by placing the ladder where he did and climbing it, or if defendants had any reason to believe he would, such that they would have had an obligation to provide plaintiff with safety equipment and ensure safe access to the HVAC damper. These material issues of fact must be resolved by a jury. Thus, plaintiff is not entitled to judgment on his Labor Law §240(1) claim.

Regarding Labor Law §200, this section codifies the common law duty of an owner to provide construction workers with a safe place to work (*See Comes v New York State Elec. and Gas Corp.*, 82 NY2d 876, 877 (1993)). "A property owner is liable under Labor Law § 200 when the owner created the dangerous condition causing an injury or when the owner failed to remedy a dangerous or defective condition of which he or she had actual or constructive notice" (*Mendoza v. Highpoint Assocs., IX, LLC*, 83 A.D.3d 1 (2011)). "Where the injury was caused by

**150360/2020 MOORE, JOSEPH vs. SKANSKA USA BUILDING, INC.**
**Motion No. 001**

**Page 4 of 6**

[* 4]

the manner and means of the work, including the equipment used, the owner or general contractor is liable if it actually exercised supervisory control over the injury-producing work" (*Cappabianca v. Skanska USA Bldg. Inc.*, 99 A.D.3d 139 (1st Dept 2012)). As indicated above, Michael Niemann and Scott Niemann stated that no work needed to be performed in the second floor mechanical room since a Certificate of Substantial Completion was issued in February 2019 and the July 26, 2019 email alert was in connection with a fan coil (Exh C, ¶14, 20 & Exh D, ¶15, 21). Thus, plaintiff's motion for summary judgment under Labor Law §200 is denied as he failed to demonstrate that defendants had any notice or supervisory control over him.

Finally, the Court shall address plaintiff's claim under Labor Law §241(6). To prevail on a claim under Labor Law §241(6), plaintiff must demonstrate that his injuries were proximately caused by a violation of an Industrial Code provision (*See Ares v State*, 80 NY2d 959, 960 (1992)). Here, plaintiff's claim under Labor Law §241(6) is based on violation of Industrial Code sections 23-1.21(b)(4)(ii), 23-1.21(b)(4)(iv), 23-1.21(e)(3), and 23-1.7(d):

> 12 NYCRR §23-1.21(b)(4)(ii): All ladder footings shall be firm. Slippery surfaces and insecure objects such as bricks and boxes shall not be used as ladder footings.
>
> 12 NYCRR §23-1.21(b)(4)(iv): When work is being performed from ladder rungs between six and 10 feet above the ladder footing, a leaning ladder shall be held in place by a person stationed at the foot of such ladder unless the upper end of such ladder is secured against side slip by its position or by mechanical means. When work is being performed from rungs higher than 10 feet above the ladder footing, mechanical means for securing the upper end of such ladder against side slip are required and the lower end of such ladder shall be held in place by a person unless such lower end is tied to a secure anchorage or safety feet are used.
>
> 12 NYCRR 23-1.7(d): Employers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing.
>
> 12 NYCRR §23-1.21(e)(3): Standing stepladders shall be used only on firm, level footings. When work is being performed from a step of a stepladder 10 feet or more above the footing, such stepladder shall be steadied by a person stationed at the foot of the stepladder or such stepladder shall be secured against sway by mechanical means.

**150360/2020 MOORE, JOSEPH vs. SKANSKA USA BUILDING, INC.**
**Motion No. 001**

Page 5 of 6

5 of 6

However, plaintiff failed to provide, respectively, any evidence of the following: i) a slippery surface or insecure objects used as ladder footings; ii) that plaintiff was working from ladder rungs between six and 10 feet above the ladder footing, iii) that any foreign substance that caused him to fall; and iv) that plaintiff used a step ladder. Plaintiff relies solely on his own deposition. In addition, the photo attached to the affidavits of Michael Niemann and Scott Niemann, which "shows the second-floor mechanical room at 180 Madison Avenue as of the time of Mr. Moore's alleged accident", fail to display any of the above (Exh C, ¶16 & Exh D, ¶17). In consideration of the above and for all the foregoing reasons, the Court finds that there are genuine issues of fact that can only be resolved by a jury. As such, summary judgment is not appropriate for plaintiff's claims against defendants under Labor Law §241(6).

*    *    *

Accordingly, it is hereby

ORDERED, that plaintiff's motion for summary judgment is denied in its entirety.

The foregoing constitutes the Decision and Order of the Court.

Dated: April 1, 2024                    ENTER:

HON. LESLIE A. STROTH
J.S.C.

**Check One:** ☐ Case Disposed    ☒ Non-Final Disposition

**Check if Appropriate:** ☐ Other (Specify _____ )

150360/2020  MOORE, JOSEPH vs. SKANSKA USA BUILDING, INC.        Page 6 of 6
Motion No. 001

6 of 6