■ MICHAEL NUTLEY, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [913 NYS2d 694]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Lane, J.), entered September 30, 2009, which, upon a jury verdict finding it 90% at fault in the happening of the accident, upon a jury verdict finding that the plaintiff sustained damages in the sums of $300,000 for past pain and suffering and $200,000 for future pain and suffering, and upon an order of the same court dated August 4, 2009, denying the defendant's motion, inter alia, pursuant to CPLR 4404 (a) to set aside the award for past and future pain and suffering as excessive, is in favor of the plaintiff and against it in the principal sum of $450,000 and awarded interest at the rate of 4% per annum from the date of the verdict.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding interest at the rate of 4% per annum from the date of the verdict and substituting therefor a provision awarding interest at the rate of 3% per annum from the date of the verdict; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the

Supreme Court, Queens County, for the entry of an appropriate amended judgment.

" 'While the amount of damages to be awarded for personal injuries is primarily a question for the jury, an award may be set aside when it deviates materially from what would be reasonable compensation' " (*Miller v Weisel*, 15 AD3d 458, 459 [2005], quoting *Iovine v City of New York*, 286 AD2d 372, 373 [2001]). Here, the plaintiff suffered an injury to his dominant hand and wrist which required surgery. Despite the surgery, the plaintiff continued to experience pain, numbness, tingling, loss of strength, and loss of motion in his wrist and hand. Under these circumstances, the jury's award for past and future pain and suffering did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Laskowsky v Sullivan*, 272 AD2d 299 [2000]; *cf. Harris v City of New York*, 2 AD3d 782, 783-784 [2003]; *Neils v Putnam Hosp. Ctr.*, 276 AD2d 607, 608 [2000]).

However, the judgment incorrectly applied an interest rate of 4% per annum to the plaintiff's award against the defendant, New York City Transit Authority (hereinafter the Authority) (*see* Public Authorities Law § 1212 [6]; *Fa-Shun Ou v New York City Tr. Auth.*, 309 AD2d 781, 782 [2003]). Pursuant to Public Authorities Law § 1212 (6), the rate of interest to be paid by the Authority "shall not exceed three per centum per annum." Accordingly, we modify the judgment to reflect a proper rate of interest of 3% per annum from the date of the verdict. Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur. **[Prior Case History: 2009 NY Slip Op 31818(U).]**