■ NIURKA ANDINO, Respondent, v RONALD MILLS et al., Appellants. (And a Third-Party Action.) [23 NYS3d 63]—

---

* In fact, the majority can say no more than that the incident "appears" to have been sudden and out of the ordinary.

Judgment, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered June 20, 2014, upon a jury verdict, awarding plaintiff the principal sums of $600,000 for past pain and suffering, $23,000,000 for future pain and suffering over 37 years, $283,422 for past lost earnings, $2,392,512 for future lost earnings over 19.24 years, $2,100,000 for future medical expenses over 37 years, and $2,490,829 for future loss of pension over 17.7 years, and bringing up for review an order, same court and Justice, entered April 8, 2014, which, after a hearing, denied defendants' motion for a collateral source offset pursuant to CPLR 4545, unanimously modified, on the law, to grant that portion of defendants' motion seeking to offset the jury's award of future pension benefits by the amount of plaintiff's accidental disability benefits, and, on the facts, to vacate the award for future pain and suffering and order a new trial as to such damages, unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to accept a reduced award for future pain and suffering in the amount of $2.7 million and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.

As a result of a motor vehicle accident, plaintiff sustained a brain injury resulting in, inter alia, permanent cognitive impairment, and headaches accompanied by nausea and dizziness, and injuries to her knees resulting in three surgeries and the need for a future left knee replacement. The severity of the injuries notwithstanding, the award of $23,000,000 for future pain and suffering deviates materially from what is reasonable compensation to the extent indicated (*see e.g. Godfrey v G.E. Capital Auto Lease, Inc.*, 89 AD3d 471 [1st Dept 2011], *lv dismissed* 18 NY3d 951 [2012], *lv denied* 19 NY3d 816 [2012]; *Coore v Franklin Hosp. Med. Ctr.*, 35 AD3d 195 [1st Dept 2006]; *see also Smith v Manhattan & Bronx Surface Tr. Operating Auth.*, 58 AD3d 552 [1st Dept 2009]; CPLR 5501 [c]). The award for future medical costs, however, was not speculative, and was supported by the testimony of plaintiff's physicians and an economist (*see Coleman v City of New York*, 87 AD3d 401 [1st Dept 2011]).

The trial court correctly denied defendants' motion to reduce the jury's award for future lost earnings by her accidental disability pension and future medical expenses by the health insurance plan afforded to her as part of her disability retirement (*see Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81 [1995]; *Johnson v New York City Tr. Auth.*, 88 AD3d

321, 328-330 [1st Dept 2011]; *Gonzalez v Iocovello*, 249 AD2d 143 [1st Dept 1998], *affd* 93 NY2d 539 [1999]). The jury's award for future loss of pension benefits, however, should have been offset by the total amount that plaintiff was projected to receive under that disability pension, effectively reducing that category of damages to zero (*see Oden*, 87 NY2d at 89). Concur—Tom, J.P., Renwick, Saxe and Kapnick, JJ.