■ KRISTIN COLE et al., Respondents, v GOTHAM CHEMICAL CORP. et al., Defendants, LORI BASLIN et al., Appellants, and JIJO RAJAN et al., Respondents. [60 NYS3d 443]—

In an action to recover damages for personal injuries, etc., the defendants Lori Baslin and Todd A. Baslin appeal from an order of the Supreme Court, Richmond County (Green, J.), dated August 3, 2016, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiffs by the defendants Lori Baslin and Todd A. Baslin.

A vehicle operated by the defendant Lori Baslin and owned by the defendant Todd A. Baslin (hereinafter together the Baslin defendants) collided with a vehicle operated by the defendant Jijo Rajan and allegedly owned by the defendants Gracy C. Rajan and Rajan Thevlssrlvdkkthl (hereinafter collectively the Rajan defendants) at the intersection of Clawson Street and Ross Avenue in Staten Island. The Rajan vehicle was traveling on Ross Avenue, which was governed by a stop sign at its intersection with Clawson Street. The Baslin vehicle

was traveling on Clawson Street, which was not governed by a traffic control signal at its intersection with Ross Avenue. Upon impact, the Baslin vehicle moved to the right, mounted the sidewalk, and struck the plaintiff Kristin Cole, who was walking on the sidewalk with her husband, the plaintiff Francis Cole. Thereafter, the plaintiffs commenced this action against, among others, the Baslin defendants and the Rajan defendants. The Baslin defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that Jijo Rajan's negligent operation of the Rajan vehicle was the sole proximate cause of the accident. The Supreme Court denied the motion. The Baslin defendants appeal.

The Baslin defendants failed to establish their prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Although a stop sign governed the intersection for traffic proceeding in the direction that the Rajan vehicle traveled, the evidence submitted by the Baslin defendants presented triable issues of fact as to whether Lori Baslin was free from fault in the happening of the accident (*see Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008]; *Virzi v Fraser*, 51 AD3d 784 [2008]; *Campbell-Lopez v Cruz*, 31 AD3d 475, 475-476 [2006]). Accordingly, the Supreme Court properly denied the Baslin defendants' motion for summary judgment dismissing the complaint and all claims insofar as asserted against them, without regard to the sufficiency of the opposition papers. Chambers, J.P., Cohen, Barros and Brathwaite Nelson, JJ., concur.