In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Graham, J.), entered February 29, 2016, which, upon a jury verdict on the issue of liability in favor of the plaintiff, upon a jury verdict on the issue of damages finding that the plaintiff sustained damages in the principal sums of $800,000 for past pain and suffering and $1,500,000 for future pain and suffering, and upon an order of the same court dated October 29, 2015, denying their motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial or, in the alternative, to set aside, as excessive, the verdict on the issue of damages, is in favor of the plaintiff and against the defendants Timothy Williams and New York City Transit Authority in the principal sum of $2,300,000.
 

 Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding damages to the plaintiff for future pain and suffering; as so modified the judgment is affirmed, with costs to the plaintiff, that branch of the defendants’ motion pursuant to CPLR 4404 (a) which was to set aside, as excessive, so much of the jury verdict as awarded the plaintiff damages for future pain and suffering in the principal sum of $1,500,000 is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for future pain and suffering, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the amount of damages for future pain and suffering from the principal sum of $1,500,000 to the principal sum of $800,000, and to the entry of an appropriate amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.
 

 The plaintiff allegedly was injured while riding on a bus from the Gateway Mall in Brooklyn to her home. The bus was owned by the defendant New York City Transit Authority (hereinafter NYCTA) and driven by the defendant Timothy Williams, a NYCTA employee. The plaintiff commenced this action to recover damages for her injuries against Williams and NYCTA, as well as against the defendants MTA, MABSTOA, and MTA Bus Company (hereinafter collectively the defendants).
 

 At trial, the plaintiff testified that she walked toward the back of the bus, placed her shopping bags on the floor under her seat, and sat down. At some point thereafter, the bus made a turn, and a bottle of milk rolled out of her shopping bag and across the aisle, and landed under the seat opposite to her. When the bus came to a stop, the plaintiff attempted to retrieve the bottle of milk. The plaintiff stood up, walked across the aisle, put her hand on a railing on the back of a seat, and leaned over to pick up the bottle. Just as she began to lean, the bus made a “heavy jerk.” That motion threw her, face forward, from the back of the bus to the front of the bus. When she landed at the front of the bus, “the bus jerked again,” causing her to roll from side to side on the floor of the bus.
 

 The plaintiff presented testimony that she sustained injuries to both of her shoulders and her lower back. She underwent surgery on both shoulders, but she did not regain full range of motion in either shoulder, even after physical therapy. In addition, she experienced intense pain in her lower back and in both of her shoulders several times a week, even after the surgeries. The plaintiff had difficulty sitting, walking, and climbing stairs. She required help with most of her daily activities, such as dressing, cooking, cleaning, showering, and doing her hair. The plaintiff was unable to engage in the activities she enjoyed before the accident, such as visiting Central Park, jogging, and playing with her grandchildren. Her orthopedic surgeon’s prognosis was that her condition was not likely to improve or deteriorate.
 

 The jury found that NYCTA and Williams were negligent, that their negligence was a substantial factor in causing the accident, and that the plaintiff was not negligent. The jury awarded the plaintiff damages in the principal sums of $800,000 for past pain and suffering and $1,500,000 for future pain and suffering. Thereafter, the defendants moved pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial or, in the alternative, to set aside, as excessive, the verdict on the issue of damages. In an order dated October 29, 2015, the Supreme Court denied the motion. A judgment was subsequently entered in favor of the plaintiff and against NYCTA and Williams in the principal sum of $2,300,000. The defendants appeal.
 

 “A motion pursuant to CPLR 4404 (a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial” (Bacon v Bostany, 104 AD3d 625, 627 [2013] [internal quotation marks omitted]; see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Linson v City of New York, 98 AD3d 1002, 1002-1003 [2012]). “When presented with such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant” (Bacon v Bostany, 104 AD3d at 627 [internal quotation marks omitted]; see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Flynn v Elrac, Inc., 98 AD3d 938, 939 [2012]). Here, contrary to the defendants’ contention, the evidence presented at trial, viewed in the light most favorable to the plaintiff, provided a rational basis upon which the jury could have found that NYCTA and Williams were negligent in the operation of the bus (see Flynn v Elrac, Inc., 98 AD3d at 939).
 

 “A jury verdict is contrary to the weight of the evidence when the evidence so preponderates in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence” (Cicola v County of Suffolk, 120 AD3d 1379, 1382 [2014]; see Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588 [2011]; see generally Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Nicastro v Park, 113 AD2d 129 [1985]). “Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors” (Flynn v Elrac, Inc., 98 AD3d at 939-940 [internal quotation marks omitted]; see Vasquez v County of Nassau, 91 AD3d 855, 857 [2012]). “We accord deference to the credibility determinations of the factfinders, who had the opportunity to see and hear the witnesses” (Vasquez v County of Nassau, 91 AD3d at 857 [internal quotation marks omitted]; see Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855 [2007]). Applying these principles to the facts of this case, the jury’s determination that NYCTA and Williams were negligent in the operation of the bus, and that the plaintiff was not negligent, was supported by a fair interpretation of the evidence (see Flynn v Elrac, Inc., 98 AD3d at 940).
 

 “The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation” (Nayberg v Nassau County, 149 AD3d 761, 762 [2017] [internal quotation marks omitted]; see CPLR 5501 [c]; Graves v New York City Tr. Auth., 81 AD3d 589, 589 [2011]; Chery v Souffrant, 71 AD3d 715, 716 [2010]). “The reasonableness of compensation must be measured against relevant precedent of comparable cases” (Halsey v New York City Tr. Auth., 114 AD3d 726, 727 [2014] [internal quotation marks omitted]; see Kayes v Liberati, 104 AD3d 739, 741 [2013]). “Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation” (Vainer v DiSalvo, 107 AD3d 697, 698-699 [2013] [internal quotation marks omitted]). Considering the nature and the extent of the injuries sustained by the plaintiff, the award for past pain and suffering did not deviate materially from what would be reasonable compensation. However, the award for future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501 [c]).
 

 Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.