Tarpley v New York City Tr. Auth. (2019 NY Slip Op 08440)





Tarpley v New York City Tr. Auth.


2019 NY Slip Op 08440


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-10506
 (Index No. 31972/10)

[*1]Calvin L. Tarpley, et al., respondents, 
v
New York City Transit Authority, et al., appellants.


Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Kelner and Kelner, New York, NY (Joshua D. Kelner and Emil L. Samuels of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered June 21, 2017. The judgment, insofar as appealed from, upon a jury verdict on the issue of liability in favor of the plaintiffs, upon a jury verdict on the issue of damages, inter alia, awarding the plaintiff Calvin L. Tarpley the principal sums of $3,000,000 for past pain and suffering, $92,950 for past lost earnings, $7,000,000 for future pain and suffering, $301,600 for future lost earnings, and $250,000 for future medical expenses, and awarding the plaintiff Cynthia Tarpley the principal sums of $325,000 for past loss of services and $1,414,999.90 for future loss of services, and upon the denial of the defendants' motion pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence and as excessive, is in favor of the plaintiffs and against them in the total sum of $13,920,850.74.
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding damages to the plaintiff Calvin L. Tarpley for past pain and suffering, past lost earnings, future pain and suffering, future lost earnings, and future medical expenses, and awarding damages to the plaintiff Cynthia Tarpley for past loss of services and future loss of services, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages for past and future pain and suffering, past and future loss of services, and future medical expenses only, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiff Calvin L. Tarpley serves and files in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $3,000,000 to the principal sum of $1,000,000, for future pain and suffering from the principal sum of $7,000,000 to the principal sum of $2,000,000, and for future medical expenses from the principal sum of $250,000 to the principal sum of $100,000, and to the entry of an appropriate amended judgment, and the plaintiff Cynthia Tarpley serves and files in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the amount of damages for past loss of services from the principal sum of $325,000 to the principal sum of $50,000, and for future loss of services from the principal sum of $1,414,999.90 to the principal sum of $100,000, and to the entry of an appropriate amended judgment accordingly; in the [*2]event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.
On November 19, 2009, Calvin L. Tarpley (hereinafter Tarpley) was pulled over in his vehicle by a traffic ticketing agent at an intersection in Queens. After a ticket was issued to Tarpley, his stationary vehicle was struck at the front driver's side by a bus operated by Dhanpaul Singh and owned by the New York City Transit Authority (hereinafter together the defendants). Tarpley, and his wife Cynthia Tarpley (hereinafter together the plaintiffs) suing derivatively, commenced this action to recover damages.
The jury found the defendants to be 100% at fault in the happening of the accident. At trial on the issue of damages, the plaintiffs adduced testimony that Tarpley suffered injuries to his neck and lower back as a result of the collision, and was diagnosed with cervical and lumbar herniated discs with radiculopathy and myelopathy. In July 2010, Tarpley underwent an anterior cervical discectomy and fusion surgery. The surgery resulted in Tarpley developing a large, bulbous, keloid scar across the front of his neck. In April 2012, Tarpley underwent a laminectomy for the placement of a spinal cord stimulator to relieve his ongoing lower back pain. Despite undergoing these surgical procedures, Tarpley continued to experience chronic pain. He was treated with oral pain medications and injections which made him feel drowsy and lethargic. Following the collision, Tarpley was unable to drive long distances, participate in recreational sports, or play with his grandchildren, as he had before the accident. Tarpley's spinal surgeon testified that his injuries were permanent and that Tarpley would most likely need a subsequent surgical procedure involving the insertion of a plate and screws in Tarpley's lumbar spine.
The jury awarded Tarpley damages, inter alia, in the principal sums of $3,000,000 for past pain and suffering, $92,950 for past lost earnings, $7,000,000 for future pain and suffering, $301,600 for future lost earnings, and $250,000 for future medical expenses, and awarded Cynthia Tarpley damages in the principal sums of $325,000 for past loss of services and $1,414,999.90 for future loss of services. The defendants moved pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and as excessive, and the Supreme Court denied the motion. The parties subsequently stipulated to reduce the awards by the sum of $283,597 to account for Tarpley's collateral source benefits from no-fault insurance and social security disability. The parties agreed, inter alia, that these benefits would reduce Tarpley's awards for past lost earnings from $92,950 to $19,308, and for future lost earnings from $301,600 to $122,645. A judgment was subsequently entered in favor of the plaintiffs and against the defendants in the total sum of $13,920,850.74. The defendants appeal.
" The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation'" (Nayberg v Nassau County, 149 AD3d 761, 762, quoting Graves v New York City Tr. Auth., 81 AD3d 589, 589; see CPLR 5501[c]). " The reasonableness of compensation must be measured against relevant precedent of comparable cases'" (Peterson v MTA, 155 AD3d 795, 798, quoting Halsey v New York City Tr. Auth., 114 AD3d 726, 727). " Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation'" (Peterson v MTA, 155 AD3d at 798, quoting Vainer v DiSalvo, 107 AD3d 697, 698-699).
Considering the nature and extent of the injuries sustained by Tarpley, the awards for past and future pain and suffering and past and future loss of services deviate materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501[c]; see generally Peterson v MTA, 155 AD3d at 798-799; Starkman v City of Long Beach, 148 AD3d 1070; Stanisich v New York City Tr. Auth., 73 AD3d 737; cf. Loja v Lavelle, 132 AD3d 637; Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982; Halsey v New York City Tr. Auth., 114 AD3d at 727).
"A party claiming lost earnings has the burden of proving the amount of actual past earnings with reasonable certainty, by means of tax returns or other documentation" (Deans v [*3]Jamaica Hosp. Med. Ctr., 64 AD3d 742, 744; see Gore v Cardany, 167 AD3d 851, 852; Nayberg v Nassau County, 149 AD3d at 762). "Unsubstantiated testimony, without documentation, is insufficient to establish lost earnings" (Lodato v Greyhawk N. Am., LLC, 39 AD3d 494, 496). Here, the award for lost earnings was speculative to the extent that it exceeded the income Tarpley could have expected to earn based on his 2008 and 2009 W2 forms submitted into evidence, since no documentation or expert testimony was presented to establish that Tarpley's income was likely to increase in future years (see Janda v Michael Rienzi Trust, 78 AD3d 899, 901). In any event, because the parties stipulated to Tarpley's receipt of collateral benefits in the amounts of $73,642 for past lost earnings and $178,955 for future lost earnings, which amounts exceed the recommended reasonable compensation for Tarpley's lost earnings, additional damages need not be awarded for the same (see Andino v Mills, 135 AD3d 407, 409, affd as modified 31 NY3d 553).
" Awards of damages for past and future medical expenses must be supported by competent evidence which establishes the need for, and the cost of, medical care'" (Quijano v American Tr. Ins. Co., 155 AD3d 981, 983, quoting Starkman v City of Long Beach, 148 AD3d at 1072). Here, an award of damages for future medical expenses was supported by the evidence (see Nayberg v Nassau County, 149 AD3d at 762). Tarpley's treating physician provided an uncontroverted opinion that Tarpley would require a future lumbar fusion surgery, with an estimated cost of $100,000, due to his ongoing symptoms following the prior laminectomy. However, the verdict awarding damages for future medical expenses in excess of $100,000 was speculative, and we reduce it accordingly (see Mohamed v New York City Tr. Auth., 80 AD3d 677, 679; O'Donnell v Blanaru, 33 AD3d 776, 776-777; Jansen v Raimondo & Son Constr. Corp., 293 AD2d 574, 575; Sanvenero v Cleary, 225 AD2d 755, 756).
MASTRO, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court