Glynn v Altobelli (2020 NY Slip Op 01479)





Glynn v Altobelli


2020 NY Slip Op 01479


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-08263
 (Index No. 50517/15)

[*1]Martin Glynn, appellant-respondent, 
v
Thomas J. Altobelli, respondent-appellant.


Sullivan & Brill, LLP, New York, NY (Joseph F. Sullivan and James Healy of counsel), for appellant-respondent.
Downing & Peck, P.C., New York, NY (John Downing, Jr., of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated June 30, 2017. The order, insofar as appealed from by the plaintiff, granted those branches of the defendant's motion which were pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of damages for past and future pain and suffering and for a new trial on the issue of damages for past and future pain and suffering, and denied that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to "set[ ] aside the jury's verdict with respect to the award for past pain and suffering . . . and ordering a new trial, unless the [d]efendant stipulates to increase the award to $250,000." The order, insofar as cross-appealed from by the defendant, denied those branches of his motion which were pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint or to set aside the verdict on the issue of liability and for a new trial on the issue of liability, to set aside the jury verdict on the issue of damages for lost earnings and for a new trial on the issue of damages for lost earnings.
ORDERED that the order is modified, on the law and the facts, (1) by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 4404 for a new trial on the issue of damages for past pain and suffering, and substituting therefor a provision denying that branch of the defendant's motion, (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages for past pain and suffering and for a new trial on the issue of damages for past pain and suffering unless the defendant stipulated to increase the amount of damages for past pain and suffering from the sum of $24,000 to the sum of $250,000, and substituting therefor a provision granting that branch of the plaintiff's motion to the extent of setting aside the jury verdict on the issue of damages for past pain and suffering and granting a new trial on the issue of damages for past pain and suffering, unless within 30 days after service upon the defendant of a copy of this decision and order, the defendant serves and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to increase the amount of damages for past pain and suffering from the principal sum of $24,000 to the principal sum of $100,000, and (3) by deleting the provision thereof granting that branch of the defendant's motion which was to set aside the jury verdict on the issue of damages for future pain and suffering and for a new trial on the issue of damages for future pain and suffering, and substituting therefor a provision [*2]granting that branch of the defendant's motion unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the amount of damages for future pain and suffering from the principal sum of $334,000 to the principal sum of $200,000; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff sustained personal injuries in December 2013, when he was riding a bicycle and was involved in a collision with a vehicle driven by the defendant. The plaintiff approached an intersection on a road that ended at the intersection. The collision occurred in or near the intersection, as the plaintiff was turning left at the intersection. After a trial on the issue of liability, the jury found that both the plaintiff and the defendant were negligent, but that only the defendant's negligence was a proximate cause of the accident. After a trial on the issue of damages, the jury awarded $24,000 for past pain and suffering, $334,000 for future pain and suffering, and $67,000 for lost earnings. The defendant moved pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint or, in the alternative, for a new trial on the issues of liability and damages. The plaintiff moved, inter alia, pursuant to CPLR 4404(a) to set aside the award of damages for past pain and suffering and for a new trial on the issue of damages for past pain and suffering unless the defendant stipulated to increase the amount of damages for past pain and suffering from the sum of $24,000 to the sum of $250,000. The Supreme Court granted those branches of the defendant's motion which were to set aside the award of damages for past and future pain and suffering and for a new trial on the issue of damages for past and future pain and suffering, and otherwise denied the defendant's motion. The court denied the plaintiff's motion to the extent that the plaintiff sought to set aside the award of damages for past pain and suffering and for a new trial on the issue of damages for past pain and suffering unless the defendant stipulated to increase the award for past pain and suffering from the sum of $24,000 to the sum of $250,000. The plaintiff appeals and the defendant cross-appeals.
We agree with the Supreme Court's denial of that branch of the defendant's motion pursuant to CPLR 4404(a) which was for judgment as a matter of law on the issue of liability or for a new trial on that issue. "A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (Barril v McClure, 163 AD3d 752, 752-753 [internal quotation marks omitted]; see Cohen v Hallmark Cards, 45 NY2d 493, 499; Peterson v MTA, 155 AD3d 795, 797). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Barril v McClure, 163 AD3d at 753, quoting Szczerbiak v Pilat, 90 NY2d 553, 556; see Peterson v MTA, 155 AD3d at 797).
The plaintiff testified that, while he did not come to a complete stop at the stop sign at the intersection, he did ride slowly, coming "close to an absolute stand still," before entering the intersection. The plaintiff also testified that, before he began to cross the intersection, he observed that there were no vehicles in or approaching the intersection. Based upon this testimony, viewed in the light most favorable to the plaintiff (see Barril v McClure, 163 AD3d at 753), the jury could have rationally found that any negligence on the part of the plaintiff was not a proximate cause of this collision (see Cole v Gotham Chem. Corp., 153 AD3d 898, 899; Sayed v Aviles, 72 AD3d 1061, 1062).
We also agree with the Supreme Court's determination that the liability verdict was not against the weight of the evidence. A jury verdict may not be set aside as against the weight of the evidence unless " the evidence so preponderate[d] in favor of the [moving party] that [it] could not have been reached on any fair interpretation of the evidence'" (Killon v Parrotta, 28 NY3d 101, 107, quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746; see Gaspard v Aronoff, 153 AD3d 795, 796). " Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence,'" and its credibility determination is entitled to deference (Aronov v Kanarek, 166 AD3d 574, 575, quoting Cicola v County of Suffolk, 120 AD3d 1379, 1382). "[T]he discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is [*3]entitled to the benefits of a favorable jury verdict" (Nicastro v Park, 113 AD2d 129, 133).
Here, the liability verdict was not against the weight of the evidence given, inter alia, the plaintiff's testimony that there were no vehicles approaching the intersection when he began to cross the road. Although the defendant testified that the plaintiff's bicycle had suddenly "shot out" into the intersection, the jury was entitled to credit the testimony of the plaintiff, and the record reveals no basis for disturbing that determination (see Wilson v Philie, 107 AD3d 700, 702; Ward v Watson, 72 AD3d 808, 809).
"[T]he amount of damages to be awarded for personal injuries is a question for the jury, and the jury's determination is entitled to great deference'" (Vainer v DiSalvo, 107 AD3d 697, 698, quoting Coker v Bakkal Foods, Inc., 52 AD3d 765, 766). However, an award may be set aside if it deviates materially from what would be reasonable compensation (see CPLR 5501[c]; Harvey v Mazal Am. Partners, 79 NY2d 218, 225; Vainer v DiSalvo, 107 AD3d at 698-699).
The record showed, inter alia, that the plaintiff suffered an "intraarticular fracture at the base of the thumb metacarpal" bone. The plaintiff underwent surgery two days after the accident, as well as a subsequent procedure to remove surgical "pins." The plaintiff then attended a four-month course of physical therapy. As of the time of the trial, in early 2017, the plaintiff experienced stiffness and loss of range of motion in his hand, had fibrosis in the hand, experienced swelling and/or pain when carrying heavy objects over a period of time, and a future surgery was contemplated. The plaintiff also testified that as of the time of trial, he was able to perform most activities, including bicycling and using exercise weights, although he testified that using weights caused pain and swelling of the hand. Under these circumstances, the award of damages for past pain and suffering was inadequate to the extent indicated herein (see Nutley v New York City Tr. Auth., 79 AD3d 711, 712; Conley v City of New York, 40 AD3d 1024, 1026). However, the award for future pain and suffering was excessive to the extent indicated herein (see Nutley v New York City Tr. Auth., 79 AD3d at 712; Conley v City of New York, 40 AD3d at 1026).
The plaintiff established his entitlement to damages for lost earnings as awarded by the jury based on, inter alia, tax records showing a loss of business and personal income in the 10 months after this accident, and that award was not against the weight of the evidence (see Walker v New York City Tr. Auth., 115 AD3d 941, 943; see also Kowalsky v County of Suffolk, 139 AD3d 906, 907-908).
The parties' remaining contentions are without merit.
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court