Deblasi v Medina (2021 NY Slip Op 04479)





Deblasi v Medina


2021 NY Slip Op 04479


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-12280 
2018-05989
2018-06850
 (Index No. 61229/13)

[*1]Kevin Deblasi, appellant, 
v
Cynthia Medina, etc., et al., respondents.


Edelman, Krasin & Jaye, PLLC, Westbury, NY (Kara M. Rosen of counsel), for appellant.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen LLP, Hauppauge, NY (Scott G. Christesen and Anthony Marino of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 28, 2017, (2) a judgment of the same court entered April 5, 2018, and (3) an amended judgment of the same court entered April 20, 2018. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict as contrary to the weight of the evidence and for a new trial. The amended judgment, upon the jury verdict and the order, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,
ORDERED that the amended judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (see CPLR 5501[a][1]).
On August 31, 2012, the plaintiff presented to the defendant Cynthia Medina, a physician, complaining of pain in his left ear. Medina examined the plaintiff's left ear and observed that the tympanic membrane was obscured by impacted cerumen, and she treated the plaintiff for an infection with antibiotic eardrops. Medina next treated the plaintiff on September 7, 2012, at which time the plaintiff's left ear was irrigated to remove cerumen, first by a medical assistant, and then by Medina herself when the blockage would not clear. On September 10, 2012, the plaintiff returned to Medina, at which time Medina observed that the tympanic membrane in the left ear was perforated, a condition that ultimately required surgery to correct.
The plaintiff commenced this action against Medina and the defendant Long Island Family Medical Group, P.C., asserting a cause of action to recover damages for medical malpractice sounding in lack of informed consent with respect to the ear irrigation procedure and alleging that the defendants deviated from the standard of care in treating the plaintiff's left ear. After trial, the jury returned a verdict in favor of the defendants. The Supreme Court subsequently denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. The plaintiff appeals.
A jury verdict may not be set aside as contrary to the weight of the evidence unless "'the evidence so preponderate[d] in favor of the [moving party] that [it] could not have been reached on any fair interpretation of the evidence'" (Glynn v Altobelli, 181 AD3d 567, 569, quoting Killon v Parrotta, 28 NY3d 101, 107 [internal quotation marks omitted]; see Raineri v Lalani, 191 AD3d 814, 816; Gaspard v Aronoff, 153 AD3d 795, 796). "'Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence,'" and its credibility determination is entitled to deference (Aronov v Kanarek, 166 AD3d 574, 575, quoting Cicola v County of Suffolk, 120 AD3d 1379, 1382). Here, the jury's findings were based upon a fair interpretation of the evidence, and thus, were not contrary to the weight of the evidence. Moreover, "[w]here, as here, the parties present expert testimony in support of their respective positions, it is the province of the jury to determine the experts' credibility" (Manuka v Crenshaw, 43 AD3d 886, 887).
The plaintiff's contention that the Supreme Court erred by failing to charge the jury with Pattern Jury Instruction 2:25 premised upon Medina's alleged violation of Education Law § 6530(11) is without merit, as the evidence proffered by the plaintiff failed to demonstrate that this statute was applicable, or that it had been violated (see Montoya v Vasquez, 185 AD2d 875, 876; Wilmot v City of New York, 73 AD2d 201, 204; cf. DiLallo v Katsan L.P., 134 AD3d 885, 887).
The parties' remaining contentions are without merit.
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court