Wilson v Finkelstein (2024 NY Slip Op 02080)

Wilson v Finkelstein

2024 NY Slip Op 02080

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2019-12331
 (Index No. 3314/15)

[*1]Dorian Opal Wilson, respondent, 
v
Seth Finkelstein, etc., appellant.

Ellenberg Gannon Henninger & Fitzmaurice, LLP (Mercado May-Skinner, Latham, NY [Nancy E. May-Skinner], of counsel), for appellant.
Bonina & Bonina, P.C. (John Bonina and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant appeals from a judgment of the Supreme Court, Kings County (Genine D. Edwards, J.), dated September 11, 2019. The judgment, upon a jury verdict in favor of the plaintiff on the issue of liability and awarding the plaintiff damages in the sums of $250,000 for pain and suffering and $1,250,000 for emotional distress, and upon an order of the same court dated August 21, 2019, inter alia, denying the defendant's motion pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial or, in the alternative, to set aside, as excessive, the jury verdict on the issue of damages, is in favor of the plaintiff and against the defendant in the principal sum of $1,400,000.
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff damages for emotional distress; as so modified, the judgment is affirmed, with costs to the plaintiff, that branch of the defendant's motion which was pursuant to CPLR 4404(a) to set aside, as excessive, so much of the jury verdict as awarded the plaintiff damages in the sum of $1,250,000 for emotional distress is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for emotional distress and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the award of damages for emotional distress from the principal sum of $1,250,000 to the principal sum of $700,000, and to the entry of an appropriate amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, with costs to the plaintiff.
On November 22, 2013, the plaintiff went to the emergency department of Kingsbrook Jewish Medical Center (hereinafter Kingsbrook) with complaints of stomach pain and bilateral flank pain. She reported that she had taken a pregnancy test the day before, which was positive. The plaintiff underwent a beta human chorionic gonadotropin (hereinafter hCG) test, which measures the level of hCG, a hormone produced during pregnancy, in the patient's blood. The [*2]plaintiff's hCG level was 7,315.47. The plaintiff also underwent an ultrasound, and the resulting sonogram was read by a radiologist. The sonogram showed a "[s]ac like structure within the endometrial cavity without evidence of yolk sac or fetal pole." The radiologist noted that "[d]ifferential considerations would include early intrauterine gestation versus missed abortion versus ectopic pregnancy. Recommend correlation with serial beta-hCG levels and short-term followup examination as clinically indicated."
On the same evening, the defendant, an obstetrician/gynecologist, was consulted about the plaintiff's case. The defendant recommended that the plaintiff be treated with methotrexate, a drug used to terminate ectopic pregnancies. Methotrexate was administered to the plaintiff.
On November 26, 2013, the plaintiff returned to Kingsbrook with complaints of abdominal pain and cramping. An ultrasound showed the presence of an intrauterine gestational sac. The plaintiff was advised to terminate the pregnancy due to the serious birth defects that methotrexate can cause and was offered another dose of methotrexate, which she declined. Later that day, the plaintiff sought a second opinion from her private obstetrician/gynecologist, who confirmed the intrauterine pregnancy and advised elective termination due to the potentially devastating effects of the methotrexate. However, the plaintiff again declined to terminate her pregnancy. On November 30, 2013, the plaintiff received the same diagnosis and advice from physicians at SUNY Downstate Medical Center. After receiving the same advice from three separate providers, the plaintiff felt that she had "no choice" but to terminate the pregnancy. On December 3, 2013, the plaintiff terminated the pregnancy.
The plaintiff commenced this action to recover damages for medical malpractice. After a trial, a jury found that the defendant departed from good and accepted standards of medical practice by not obtaining a follow-up beta hCG test and a follow-up ultrasound, and by ordering that methotrexate be administered to the plaintiff. The jury awarded the plaintiff damages in the sums of $250,000 for pain and suffering and $1,250,000 for emotional distress.
Thereafter, the defendant moved pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial or, in the alternative, to set aside, as excessive, the verdict on the issue of damages. In an order dated August 21, 2019, the Supreme Court, inter alia, denied the motion. The court issued a judgment dated September 11, 2019, in favor of the plaintiff and against the defendant in the principal sum of $1,400,000. The defendant appeals.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Lopes v Lenox Hill Hosp., 172 AD3d 699, 702 [internal quotation marks omitted]; see Stewart v New York Hosp. Queens, 214 AD3d 919, 920-921). Pursuant to CPLR 4404(a), after a jury trial, a court "may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence [or] in the interest of justice." "A court may grant a defendant's motion for judgment as a matter of law only when it concludes, after considering the facts in the light most favorable to the plaintiff and affording the plaintiff every favorable inference that may reasonably be drawn from the facts presented, that there is no rational process by which the jury could have found in the plaintiff's favor" (Manganiello v Ahmed, 130 AD3d 583, 586; see Stewart v New York Hosp. Queens, 214 AD3d at 922). A jury verdict may be set aside as contrary to the weight of the evidence only if "the evidence so preponderate[d] in favor of the [moving party] that [the verdict] could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [internal quotation marks omitted]; see Messina v Staten Is. Univ. Hosp., 121 AD3d 867, 868).
Here, viewing the evidence in the light most favorable to the plaintiff, there was a [*3]valid line of reasoning and permissible inferences by which the jury, on the basis of the evidence presented at trial, could have rationally reached the verdict on the issue of liability that the defendant departed from good and accepted standards of medical practice by not obtaining a follow-up beta hCG test and a follow-up ultrasound, and by ordering that methotrexate be administered to the plaintiff. Furthermore, the jury verdict in favor of the plaintiff on the issue of liability was not contrary to the weight of the evidence. Since both the plaintiff and the defendant presented expert testimony in support of their respective positions, it was within the province of the jury to determine the credibility of the experts (see Deblasi v Medina, 196 AD3d 630, 631), and the verdict was based upon a fair interpretation of the evidence presented to the jury.
The defendant's contention that the plaintiff's counsel made inflammatory and prejudicial remarks on summation is unpreserved for appellate review, as the defendant's counsel made only one general objection during the plaintiff's summation and did not request curative instructions at the time the remarks were made (see Kulynska v Agayeva, 188 AD3d 659, 660; Lind v City of New York, 270 AD2d 315, 317). Moreover, counsel is afforded wide latitude in summation to characterize and comment on the evidence (see Acosta v City of New York, 153 AD3d 765, 767; Frederic v City of New York, 117 AD3d 899, 900). The subject remarks were fair comment on the evidence and were not so prejudicial as to have deprived the defendant of a fair trial (see Kleiber v Fichtel, 172 AD3d 1048, 1052).
The jury's award of damages for pain and suffering did not deviate materially from what would be considered reasonable compensation. However, under the circumstances of this case, the jury's award of damages for emotional distress deviated materially from what would be considered reasonable compensation to the extent indicated herein (see CPLR 5501[c]).
The defendant's remaining contentions are without merit.
MILLER, J.P., MALTESE, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court