Pen v Wheels, Inc. (2024 NY Slip Op 04974)

Pen v Wheels, Inc.

2024 NY Slip Op 04974

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-07732
 (Index No. 151151/20)

[*1]Myunbo Pen, appellant, 
v
Wheels, Inc., defendant, Thomas Abate, et al., respondents.

Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Gil Zohar and Jason Matuskiewicz of counsel), for appellant.
Goetz Schenker Blee & Wiederhorn LLP, New York, NY (Adam J. Kipnis of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated August 23, 2022. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendant Thomas Abate on the issue of liability as contrary to the weight of the evidence and for a new trial.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured while riding an electric bicycle when it came into contact with a motor vehicle operated by the defendant Thomas Abate. The plaintiff commenced this action against, among others, Abate, to recover damages for personal injuries. The action proceeded to a jury trial on the issue of liability, after which the jury rendered a verdict in favor of Abate, based upon a finding that he was not negligent. The plaintiff moved pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion, and the plaintiff appeals.
A jury verdict may be set aside as contrary to the weight of the evidence only if "the evidence so preponderated in favor of the [moving party] that the verdict could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [alterations and internal quotation marks omitted]; see Rucigay v Wyckoff Hgts. Med. Ctr., 194 AD3d 865, 868; Glynn v Altobelli, 181 AD3d 567, 569). The consequence of a determination that a jury verdict in a civil action is contrary to the weight of the evidence is a new trial (see CPLR 4404[a]). "Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence" (Lalla v Connolly, 17 AD3d 322, 323; see Glynn v Altobelli, 181 AD3d at 569). "'[T]he discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict'" (Glynn v Altobelli, 181 AD3d at 570, quoting Nicastro v Park, 113 AD2d 129, 133).
Here, based on the evidence, it was reasonable for the jury to adopt Abate's version [*2]of the events preceding the accident. Moreover, the parties presented conflicting testimony about the happening of the accident, and we discern no basis to disturb the jury's determination to credit Abate's testimony and to discredit the plaintiff's testimony. Thus, the jury's verdict was not contrary to the weight of the evidence.
Contrary to the plaintiff's further contention, the record contains no evidence of juror confusion (see Young Mee Oh v Koon, 140 AD3d 861, 862).
Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict and for a new trial.
BARROS, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court