■ THEODORE J. HARRISON et al., Appellants, v ITT CORPORATION, Respondent, et al., Defendants. [603 NYS2d 826] —Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about October 14, 1992, which, insofar as appealed from, granted defendant-respondent's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

While a trademark licensor not formally involved as a manufacturer, designer or seller may be subject to liability for injuries caused by a defective product where, for example, it has had significant involvement in distribution or is capable of exercising control over quality *(see, Burkert v Petrol Plus,* 216 Conn 65, 77-82, 579 A2d 26; *Torres v Goodyear Tire & Rubber Co.,* 163 Ariz 88, 93-94, 786 P2d 939; *Connelly v Uniroyal, Inc.,* 75 Ill 2d 393, 409-412, 389 NE2d 155; *cf., Porter v LSB Indus.,* 192 AD2d 205), here plaintiffs failed to submit any evidence of such involvement by defendant licensor in opposition to its motion for summary judgment. Nor did plaintiffs adduce any evidence controverting defendant's proof that it observed the formalities of separate corporate existence, such as might justify holding defendant responsible for the wrongful act of

its manufacturing subsidiary. We note that plaintiffs failed to initiate discovery in the 17 months between the commencement of the action and the instant motion.

We have considered appellants' other contentions and find them to be without merit. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.