■ ELIZABETH RODRIGUEZ, Appellant, v CITY OF NEW YORK, Respondent. [707 NYS2d 828] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered April 7, 1999, which, *inter alia*, denied plaintiff's motion for an order striking defendant City's answer for failing to respond to plaintiff's notice for discovery and inspection, and granted the City's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's motion to strike the City's answer was properly denied, since the City did, in fact, respond to plaintiff's notice for discovery and inspection.

Defendant City's cross motion for summary judgment was properly granted, since plaintiff, in response to defendant's prima facie showing of entitlement to judgment as a matter of law, failed to raise an issue as to whether the City in its capacity as a landlord owed plaintiff's decedent, Justina Colon, a duty, the breach of which caused her to suffer the injuries for which recovery is sought in this action (*see, Solomon v City of New York*, 66 NY2d 1026). Contrary to plaintiff's argument, New York City Health Code (24 RCNY) § 131.15 (the window guard regulation), requiring installation of window guards in apartments where children under the age of 10 reside, did not create any duty running from the City to Ms. Colon, who was 44-years-old at the time she fell from her apartment window and sustained the injuries that caused her death. In any event, plaintiff's showing in response to defendant's summary judgment motion was insufficient to raise a triable issue as to whether Ms. Colon's fall was proximately caused by the City's violation of the cited regulation. Concur—Mazzarelli, J. P., Ellerin, Lerner, Andrias and Friedman, JJ.