■ Laurin Maritime AB et al., Appellants, v Imperial Chemical Industries PLC et al., Respondents, et al., Defendant. [752 NYS2d 855] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered February 11, 2002, dismissing the complaint at the close of plaintiffs' evidence, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered February 1, 2002, which limited the evidence that plaintiffs could present at trial, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The action arises out of an allegedly defective coating that was applied to the ballast tanks of two commercial vessels constructed for plaintiffs in a Korean shipyard. Defendant Devoe Coatings owned the trademark to the substance; the remaining defendants are Devoe's successors. It appears that Korean law required that the coating be manufactured in Korea, and plaintiffs were allegedly advised by Devoe that its Korean licensee could supply the same high quality coating that Devoe itself could supply. Plaintiffs claim that this was a misrepresentation that supports causes of action for strict products liability, breach of warranty, and negligent, fraudulent and reckless misrepresentation. Plaintiffs have settled with the Korean manufacturer of the substance and the Korean shipbuilder that applied it to plaintiffs' ships.

A party that is outside of the manufacturing, selling or distribution chain, including a trademark licensor, cannot be held

liable for breach of warranty and strict products liability (*see Passaretti v Aurora Pump Co.*, 201 AD2d 475; *Harrison v ITT Corp.*, 198 AD2d 50). In any event, plaintiffs, by not opposing defendants' pretrial motion to dismiss these causes of action, failed to preserve them for appellate review. For the same reason, plaintiffs failed to preserve their cause of action for negligent misrepresentation, which, we note, they acknowledge on appeal to be essentially a fraud claim. Nor did the trial court improperly preclude testimony of witnesses who were either never produced for deposition or were experts for whom no CPLR 3101 (d) (1) (i) notice had been given (*see e.g. Healy v ARP Cable*, 299 AD2d 152; *Weeden v First Natl. Bank*, 297 AD2d 803). Absent any expert testimony on the issue of damages, there was no rational basis upon which findings could be made on the necessity for, and the fair and reasonable value of, the repairs that plaintiffs claim as damages (*see Rhabb v New York City Hous. Auth.*, 41 NY2d 200, 202). We have considered and rejected plaintiffs' other arguments. Concur— Tom, J.P., Andrias, Sullivan, Rosenberger and Gonzalez, JJ.