SHARON INGRAM, Respondent, v LIFE FITNESS, a Division of BRUNSWICK CORPORATION, et al., Appellants. [33 NYS3d 71]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered April 6, 2015, which, insofar as appealed from as limited by the briefs, denied defendants' motions for summary judgment dismissing the negligence and strict products liability claims, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

The negligence claim is barred as a matter of law by the doctrine of primary assumption of the risk (*see Morgan v State of New York*, 90 NY2d 471, 484 [1997]). Plaintiff's testimony established that she was a longtime user of treadmills, that she used defendant Town Sports International Holdings, Inc.'s sports club five times a week after joining it, that she had several times seen other club members jump off treadmills that were still running, and that she had used treadmills at the club at least 10 times. Given plaintiff's familiarity with the use and operation of treadmills, she assumed the obvious and inherent risks attendant to their use (*see id.* at 484; *DiBenedetto v Town Sports Intl., LLC*, 118 AD3d 663 [2d Dept 2014]; *Davis v Town Sports Intl.*, 49 Misc 3d 128[A], 2015 NY Slip Op

51393[U] [App Term, 1st Dept 2015]; *see also Digiulio v Gran, Inc.*, 74 AD3d 450 [1st Dept 2010], *affd* 17 NY3d 765 [2011]). Plaintiff failed to raise a triable issue of fact as to whether defendant Town Sports "concealed or unreasonably increased [those] risks" (*Morgan*, 90 NY2d at 485).

The strict products liability claim must be dismissed because there is no evidence that the treadmill at issue was defective (*see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 106 [1983]). Plaintiff alleges a design defect relating to the feature of the treadmill intended automatically to stop the treadmill after 30 seconds of nonuse ("SmartStop"). Defendant Life Fitness, the manufacturer, demonstrated that the treadmill complied with industry safety standards, which do not require automatic stopping mechanisms, and that the treadmill had another safety feature to alert users to the moving of the belt. Plaintiff admitted that she "walked right up to [the treadmill] and stepped onto it"; thus, she had no way of knowing whether or not 30 seconds had elapsed since its last use.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Webber, JJ.