Schoolfield v Services for the Underserved, Inc. (2023 NY Slip Op 00506)

Schoolfield v Services for the Underserved, Inc.

2023 NY Slip Op 00506

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Pitt-Burke, JJ. 

Index No. 27123/15E Appeal No. 17239 Case No. 2021-03678 

[*1]Mark E Schoolfield, Plaintiff-Respondent,
v
Services for the Underserved, Inc., et al., Defendants-Respondents-Appellants, John or Jane Does 1-5, Defendants.
Services for the Underserved, Inc., et al., Third-Party Plaintiffs-Respondents-Appellants,
v
FJC Security Services, Inc., Third-Party Defendant-Appellant-Respondent.

Rosenbaum & Taylor, P.C., White Plains (Scott Taylor of counsel), for appellant-respondent.
Rutherford & Christie LLP, New York (Michael Becker of counsel), for respondents-appellants.
Nesenoff & Miltenberg LLP, New York (Janine L. Peress of counsel), for respondent.

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered on or about September 28, 2021, which denied the motion of defendants Services for the Underserved, Inc., Macombs Road Housing Development Fund Corporation, Macombs Road Housing, L.P. (collectively, the SUS defendants) for summary judgment dismissing the complaint, and denied third-party defendant FJC Security System's motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to grant FCJ Security's motion to the extent of dismissing the third-party claim for breach of warranty, and otherwise affirmed, without costs.
In this personal injury action, plaintiff alleges that he sustained second- and third-degree burns over 70% of his body while he was a resident in a facility for the disabled, which was owned and operated by the SUS defendants. According to the complaint, a fire broke out in plaintiff's apartment and triggered a fire alarm, but employees of the facility failed to respond to the alarm, check on plaintiff, or call 911, resulting in a 12-hour delay in discovering plaintiff and treating his injuries. The SUS defendants asserted a third-party action against FJC Security, with whom it had contracted under a service agreement to provide security services for plaintiff's building, asserting claims, among others, for breach of contract and breach of warranty.
The SUS defendants failed to establish their prima facie entitlement to summary judgment. The SUS defendants did not have an ordinary landlord-tenant relationship with the residents of their building, but rather, owed the residents a heightened duty of care given the nature of their ailments and the level of restriction placed on the residencies. Accordingly, the record presents triable issues of fact as to whether the SUS defendants properly executed their duty to safeguard patients and residents (see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 252 [2002]).
FJC Security was not entitled to summary judgment dismissing the third-party complaint. FJC Security's interpretation of its service agreement to exclude compliance with the SUS defendants' fire protocols would render meaningless several provisions listed in paragraph 12 of the service agreement — for example, the provision stating that FJC Security employees are required to enforce SUS policies and procedures, which included the fire and evacuation policy (see LDIR, LLC v DB Structed Prods., Inc., 172 AD3d 1, 5 [1st Dept 2019]). The record therefore presents material issues of fact as to whether FJC Security discharged its duties under the service agreement.
However, the motion court should have granted FJC Security's request to dismiss the breach of warranty claim because a party outside a manufacturing, selling, or distributive chain cannot be held liable for breach of warranty (see Laurin Mar. AB v Imperial Chem. Indus., 301 AD2d 367, 367-368 [1st Dept 2003], lv denied 100 NY2d 501 [2003]).
THIS CONSTITUTES THE DECISION [*2]AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023