Tucker v All Metro Home Care Servs., Inc. (2025 NY Slip Op 03640)

Tucker v All Metro Home Care Servs., Inc.

2025 NY Slip Op 03640

Decided on June 12, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 12, 2025

Before: Kern, J.P., Kennedy, Friedman, Shulman, O'Neill Levy, JJ. 

Index No. 302333/14|Appeal No. 4575|Case No. 2024-01121|

[*1]Gordon Tucker, by His Guardian, Bronx Community Guardianship Network, Plaintiff-Appellant,
v
All Metro Home Care Services, Inc., et al., Defendants, Helen Mavrogiorgis, as Executrix of the Estate of Stelios Mavrogiorgis, Defendant-Respondent.

Law Office of Robert Hiltzik, Jericho (Robert C. Hiltzik of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York (Dean L. Pillarella of counsel), for respondent.

Order, Supreme Court, Bronx County (Veronica J. Hummel, J.), entered December 19, 2023, which, to the extent appealed from as limited by the briefs, granted the successive cross-motion of defendant Helen Mavrogiorgis (Mavrogiorgis), as Executrix of the Estate of Stelios Mavrogiorgis (decedent or the Estate), for summary judgment dismissing the complaint as against her, unanimously affirmed, without costs.
This personal injury action stems from plaintiff's fall from the window of his second-story apartment. At the time of the incident, plaintiff, a legally incapacitated adult, was in the care of defendants All Metro Home Care Services, Inc. and All Metro Home Care Services of New York, Inc., and decedent owned the property where plaintiff lived. Relevant to the issues raised on appeal, plaintiff alleged that decedent was negligent by failing to install window guards on the windows of his second-story apartment.
Supreme Court properly granted Mavrogiorgis's cross-motion dismissing plaintiff's complaint against the Estate. First, plaintiff was not a resident of specialized housing such as a "facility for disabled" to be owed a heightened or special duty of care (Schoolfield v Services for Underserved, Inc., 213 AD3d 428, 428 [1st Dept 2023]). Secondly, in this ordinary landlord-tenant relationship, plaintiff proffered no evidence that the apartment window from where he fell and severely injured himself, either by design or condition, posed a dangerous hazard. Therefore, Mavrogiorgis's decedent had no legal duty to remediate under Multiple Dwelling Law § 78 or the common law (see Milano v 340 E. 74th St. Owners Corp., 158 AD3d 479, 480 [1st Dept 2018]). Finally, the motion court correctly concluded that the Window Guard Law (24 RCNY 131.15) imposed no statutory duty on the Estate to install same for this incapacitated plaintiff (Milano at 479; see also Rodriguez v City of New York, 272 AD2d 68 [1st Dept 2000], lv dismissed in part, denied in part 95 NY2d 919 [2000]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 12, 2025