Dewinter v Equinox Greenwich Ave., Inc. (2025 NY Slip Op 06895)

Dewinter v Equinox Greenwich Ave., Inc.

2025 NY Slip Op 06895

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Kern, J.P., Friedman, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 150176/21|Appeal No. 5373|Case No. 2024-05544|

[*1]Arione Dewinter, Plaintiff- Appellant,
vEquinox Greenwich Avenue, Inc., Defendant-Respondent, Equinox Holdings LLC, Defendant.

Elefterakis, Elefterakis & Panek, New York (Gennaro Savastano of counsel), for appellant.
LaRocca, Hornik, Greenberg, Kittredge, Carlin & McPartland LLP, New York (John L. Garcia of counsel), for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered September 4, 2024, which granted the motion of defendant Equinox Greenwich Avenue, Inc. (defendant) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant made a prima facie showing of entitlement to summary judgment with evidence that the treadmill involved in plaintiff's accident was inspected both the day before the accident and immediately after it occurred and found to be in good working order, a showing plaintiff did not rebut (see Ingram v Life Fitness, 140 AD3d 628, 628 [1st Dept 2016]). Plaintiff's claim that her accident was caused by the treadmill's design, which she argues permitted a user to be surprised by programing that could resume at a suddenly increased speed, is based on speculation (see Thomas v Our Lady of Mercy Med. Ctr., 289 AD2d 37, 38 [1st Dept 2001]). Further, defendant, as the purchaser of the treadmill, cannot be liable under theories of defective design or failure to warn (see Laurin Mar. AB v Imperial Chem. Indus., 301 AD2d 367, 367—368 [1st Dep 2003], lv denied 100 NY2d 501 [2003]; Townley v Emerson Elec. Co., 269 AD2d 753, 753 [4th Dept 2000]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025